**Barry J. ABELL, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 03–3033.

United States Court of Appeals, Federal Circuit.

Sept. 9, 2003.

Navy's cancellation of its vacancy announcement did not violate Mr. Abell's veterans' preference rights. *Id.* at 400. It also concluded that the Navy was not required to inform Mr. Abell of its efforts to pass him over for the vacancy. *Id.* at 402 n. 2. We affirm.

Jack E. Ferrebee, Attorney At Law, of Virginia Beach, Virginia, argued for petitioner.

Wanda Rubianes–Collazo, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. With her on the brief were David M. Cohen, Director; and Mark A. Melnick, Assistant Director. Of counsel on the brief was Thomas D. Miller, Department of the Navy, Office of Counsel, Office of Civilian Human Resources, of Washington, DC.

Before LOURIE, SCHALL, and LINN, Circuit Judge.

SCHALL, Circuit Judge.

Barry J. Abell petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained his non-selection by the Department of the Navy ("Navy") for the position of GS–13 General Engineer. *Abell v. Dep't of Navy,* 92 M.S.P.R. 397 (2002). In his appeal to the Board, Mr. Abell argued that the Navy violated his right under the Veterans Employment Opportunity Act of 1998 ("VEOA") to compete for one of three vacant positions when it cancelled the announcement after only filling two of the vacancies. The Board rejected Mr. Abell's argument. The Board concluded that the

## BACKGROUND

### I. Factual Background

Mr. Abell joined the United States Marine Corps in 1976; four years later, he was given an honorable discharge. At the time of his discharge, he received a thirty percent disability rating for disabilities resulting from his service in the Marine Corps. At the present time, Mr. Abell is rated as fifty percent disabled.

Following his military service, Mr. Abell attended college and obtained an engineering degree. He subsequently held positions with General Electric Government Electronic Systems, Martin Marietta Overseas Corporation, and Lockheed Martin Government Services.

As a result of his disabilities stemming from his service in the Marine Corps, Mr. Abell is a preference eligible veteran entitled to preference eligible points under 5 U.S.C. § 3309.[1] Preference eligible veterans include veterans of service in the armed forces, or relatives thereof, who satisfy the requirements of 5 U.S.C. § 2108. By statute, a preference eligible veteran, who receives a passing grade in an examination for entrance into the competitive civil service, is entitled to five or ten additional points above his or her earned rating. 5 U.S.C. § 3309. Because Mr. Abell is a disabled veteran under 5 U.S.C. § 2108(3)(C), he is eligible for ten additional points under 5 U.S.C. § 3309(1).

---

1. All references are to statutes as set forth in the 2000 version of the United States Code.

On August 2, 1999, the Navy announced three vacancies for the position of GS–13 General Engineer at the AEGIS Combat Systems Center, Wallops Island, Virginia. The vacancy announcement stated that all United States citizens were eligible to apply, including preference eligible veterans. The announcement also stated that it was both a Merit Promotion and a Public Notice Announcement. Merit promotion procedures govern the placement, promotion, transfer, reassignment, and other movement of competitive service employees. Public Notice Announcements announce vacancies to all sources. Preference eligible veterans may apply to fill vacancies under merit promotion procedures when an agency accepts applications from individuals outside its own workforce. *See* 5 U.S.C. § 3304(f)(1). The announcement stated that the Navy would consider applications generally under competitive procedures[2] and that preference eligibles would be considered under merit promotion procedures. Finally, the Navy's announcement stated that each applicant claiming entitlement to a ten-point veterans' preference had to submit a letter from the Department of Veterans Affairs ("VA") indicating that he or she had received benefits within the last twelve months.

Mr. Abell responded to the Navy's announcement by submitting an application for the three announced positions. With his application, Mr. Abell presented a letter from the VA, dated September 29, 1997, indicating that he was in receipt of disability compensation on account of a service-connected disability rated at thirty percent or more. The Navy's Delegated Examining Unit reviewed Mr. Abell's application and determined that he met the basic qualifications specified in the vacancy announcement. The ranking officials then reviewed his application and determined that he was entitled to a score of 98 points, which included a five-point benefit for veterans' preference under 5 U.S.C. § 3309. Mr. Abell did not receive a ten-point benefit for veterans' preference because his VA letter did not indicate that benefits had issued within the last twelve months.

As a result of his 98 point score, the Navy ranked Mr. Abell as one of the top three candidates on a certificate of eligibles prepared in response to the announcement. Based on the certificate of eligibles, the Navy selected several candidates to be interviewed, including Mr. Abell. After the interviews, the Navy tentatively chose Paul Dendorfer, Scott Green, and Larry Small to fill the three vacant positions. Neither Mr. Dendorfer, Mr. Green, nor Mr. Small was employed by the Navy. However, Mr. Dendorfer was a five-point preference eligible veteran with a total score equal to Mr. Abell's score of 98 points. At the same time, the Navy prepared a request to be submitted to the Office of Personnel Management ("OPM") to pass over Mr. Abell in favor of Mr. Green, who was not a preference eligible applicant.

A non-preference eligible applicant may only be selected over a preference eligible candidate under certain circumstances. Congress created a procedure for appointing authorities to use when seeking to pass over a preference eligible candidate in order to fill a vacancy with an individual who is not a preference eligible. *See* 5 U.S.C.

---

**2.** Competitive procedures are employed to fill vacant positions within the competitive service. The competitive service includes federal positions normally filled through open competitive examinations based on a fair test of the "relative capacity and fitness of the persons examined for the position to be filled." 5 C.F.R. § 2.1.

§ 3318(b). The procedure requires the appointing authority to send a request to OPM, along with a statement of the reasons for the request to pass over the preference eligible candidate. *Id.* The Navy prepared a request to pass over Mr. Abell in favor of Mr. Green, stating reasons for the request. However, it never submitted the request to OPM for review. Instead, it asked Management Analyst Marsha Arrington to determine whether the request to pass over would be sustainable based on the justifications given by the Navy.

Upon reviewing the case file, Ms. Arrington realized that one of the three identified candidates, Mr. Small, did not meet the basic qualifications for the position listed in the Navy's announcement. That was because Mr. Small did not possess a college degree in engineering, which was one of the required qualifications for applying for the vacant positions. As far as the request to pass over was concerned, Ms. Arrington offered four alternatives to the Navy. First, she stated that the Navy could change the scores and ranks of the candidates based on their interviews; second, she stated that the Navy could select Mr. Abell; third, she stated that the Navy could cancel the vacancy and readvertise it; and finally, she stated that the Navy could apply to OPM for passover authority. With respect to the final option, Ms. Arrington stated that it would "NOT BE AN EASY TASK SINCE THE RANKING WAS DONE BY A NAVSEA SUBJECT MATTER EXPERT and since it is now A PROHIBITED PERSONNEL PRACTICE TO TAKE ANY ACTION THAT WOULD VIOLATE VETERANS PREFERENCE." (emphasis in original)

The Navy replaced Mr. Small's selection with the selection of an internal candidate, Leslie Martin, who was a GS–12 Electronic Engineer with the Navy. Effective July 16, 2000, the Navy promoted Mr. Martin to a GS–13 General Engineer position, thereby filling one of the three vacancies under merit promotion authority. Ultimately, Mr. Dendorfer was selected from the Delegated Examining Open Competitive certificate to fill the second of the three vacancies. Because Mr. Dendorfer was a preference eligible, the Navy could select him over Mr. Abell without requesting passover authority from OPM. Rather than making a third selection by passing over Mr. Abell, the Navy cancelled the last vacancy announcement. As a result of this process, Mr. Abell was not selected.

## II. Procedural History

In 2000, Mr. Abell filed a claim under the VEOA with the Department of Labor ("DOL") alleging that his rights as a veteran had been violated. The VEOA affords a veteran, who alleges that an agency has violated his or her rights under any statute or regulation relating to veterans' preference, a right to file a complaint with the Secretary of Labor. 5 U.S.C. § 3330a(a)(1). If the Secretary is unable to resolve the complaint within 60 days, the veteran may file an appeal of the alleged violation with the Board. *Id.* § 3330a(d)(1). DOL responded to Mr. Abell's claim on October 25, 2000 but was unable to resolve the complaint. Mr. Abell timely appealed to the Board. Under the VEOA, the Board has jurisdiction over appeals alleging a violation of any right under a statute or regulation relating to veterans' preference. *Id.*

At the Board, Mr. Abell argued that his right to a veterans' preference was violated when the Navy credited him with a five-point rather than a ten-point preference, to which he alleged he was entitled. He fur-

ther alleged that the selecting official's decision to pass him over to reach a non-preference eligible violated his veterans' preference and denied him the opportunity to compete under the VEOA. Finally, he alleged that the Navy's decision to cancel the advertised vacancy rather than select him also denied him the opportunity to compete.

In an initial decision, the administrative judge ("AJ") found that the Navy properly credited Mr. Abell with a five-point rather than a ten-point preference because Mr. Abell conceded that his VA letter was more than twelve months old at the time he submitted his application. *Abell v. Dep't of Navy*, No. DC–3443–01–0092–I–1 (M.S.P.B. Mar.29, 2001). The AJ further found that the number of points Mr. Abell received was in any event immaterial because he was competing under merit promotion procedures, and under 5 C.F.R. § 211.102(c), veterans' preference does not apply to merit promotion actions.[3] *Id.* In addition, the AJ determined that because the Navy did not pass over Mr. Abell and did not fill the third position with a non-preference eligible, it did not violate Mr. Abell's right to compete. *Id.* Finally, the AJ found that a selecting official may choose to cancel a position rather than fill it. *Id.* Ultimately, the AJ concluded that Mr. Abell's rights under the VEOA were not violated and that the Board therefore lacked jurisdiction. *Id.*

The Board reopened Mr. Abell's case on its own motion under 5 C.F.R. § 1201.118. *Abell*, 92 M.S.P.R. at 401. Having done so, it determined that it had jurisdiction under the VEOA because Mr. Abell was a preference eligible, he claimed that his VEOA rights were violated, and he had exhausted his administrative remedy with DOL. *Id.* Turning to the merits, the Board determined that the Navy did not violate Mr. Abell's veterans' preference rights by failing to non-competitively appoint him. *Id.* at 403. The Board relied on testimony provided by Edward Glagola, the head of the Combat Systems Engineering Division at Wallops Island and the Navy's recommending official for these vacancies, to the effect that, to his belief, Mr. Abell was not among the best-qualified candidates for the position. *Id.* at 401. The Board further determined that the Navy had properly considered Mr. Abell's application under competitive examining procedures. *Id.* at 401. In reaching that conclusion, the Board relied on *Scharein v. Department of the Army*, 91 M.S.P.R. 329 (2002), for the proposition that an agency may cancel a vacancy announcement without violating veterans' preference rights. *Abell*, 92 M.S.P.R. at 402. It concluded that the Navy did not violate Mr. Abell's veterans' preference rights. *Id.*

Mr. Abell timely appealed the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## ANALYSIS

### I. Standard of Review

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsup-

---

**3.** All references are to regulations as set forth in the 2002 version of the Code of Federal Regulations. 5 C.F.R. § 211.102(c) provides as follows: "Preference does not apply, however, to inservice placement actions such as promotions."

ported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). Statutory construction is a question of law that we review de novo. *James v. Santella*, 328 F.3d 1374, 1377 (Fed.Cir. 2003).

On appeal, Mr. Abell contends that the Navy's decision to cancel the vacancy announcement for the third position deprived him of his opportunity to compete for the Public Announcement position under the VEOA. Mr. Abell acknowledges that an agency has discretion to cancel a vacancy announcement, but asserts that it may not cancel an announcement when the cancellation is for the purpose of passing over a preference eligible who would otherwise get the job. Mr. Abell also argues that the Navy's failure to inform him of its efforts to pass him over deprived him of his opportunity to respond under 5 U.S.C. § 3318(b)(1)(2). The government counters that the facts found by the Board support its decision and that Mr. Abell has failed to show that the Board's findings of fact are not supported by substantial evidence.

## II. Cancellation of the Third GS–13 General Engineer Position Announcement

 Under the VEOA, certain veterans and preference eligibles "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). Section 3304(f) further provides, "This subsection shall not be construed to confer an entitlement to veterans' preference that is not otherwise required by law." *Id.* § 3304(f)(3). Mr. Abell is a veteran who was entitled to

compete for the announced vacant positions at the Navy under 5 U.S.C. § 3304(f). In addition, the vacant positions were the types of positions that are subject to VEOA requirements because the Navy accepted applications from individuals outside its own workforce under merit promotion procedures. The VEOA ensures that a preference eligible veteran, such as Mr. Abell, has the opportunity to apply for such vacancies. 5 U.S.C. § 3304(f)(1). *See Brown v. Dep't of Veterans Affairs*, 247 F.3d 1222, 1224 (Fed.Cir.2001) (citing *Crowley v. United States*, 208 Ct.Cl. 415, 527 F.2d 1176, 1182 (Ct.Cl.1975) ("There can be no dispute that the granting of preferences to veterans in certain aspects of public employment is an established principle in both State and Federal practice. Thus, as plaintiffs correctly point out, the Veterans' Preference Act of 1944, 58 Stat. 387 (codified in scattered sections of Title 5, United States Code), among other things, accords veterans special point and service credit preferences in civil service entrance and other examinations; waives age and physical requirements, wherever possible, for veterans seeking Government appointments and promotions; . . . .") (citations omitted)). In other words, the VEOA gave Mr. Abell the right to apply for the three vacant positions announced by the Navy. However, the VEOA did not ensure that his application would be successful.

As noted, Mr. Abell argues on appeal that the Navy's decision to cancel the vacancy announcement for the third position deprived him of his opportunity to compete for the Public Announcement position under the VEOA. An agency, however, has discretion to cancel a vacancy announcement. *See Scharein v. Dep't of Army*, 91 M.S.P.R. 329 (2002). In *Scharein*, the Board was asked to decide whether the

Department of the Army ("Army") could cancel an announcement for the position of GS–15 Supervisory General Engineer without violating a preference eligible's rights under the VEOA. OPM denied the Army's request to pass over Arthur A. Scharein, a preference eligible who was ranked first on the certificate of eligibles, in favor of a non-preference eligible, who was ranked second on the certificate of eligibles. Rather than select Mr. Scharein, the Army cancelled the vacancy announcement. Mr. Scharein argued that the Army violated his rights under the VEOA when it cancelled the announcement instead of selecting him. The Board held that:

> nothing in the statute nor OPM's regulations requires the agency to make a selection from the certificate and fill the vacancy. The agency could and did cancel the vacancy announcement. The agency's actions in this regard do not violate the appellant's rights under veterans' preference laws. The VEOA does not guarantee a preference eligible a position but only an opportunity to compete with the other candidates on the certificate of eligibles.

*Id.* at 339. We today follow the Board's decision in *Scharein*. Accordingly, we hold that Mr. Abell was not denied his opportunity to compete by virtue of the Navy's decision to cancel the vacancy announcement.

An agency may cancel a vacancy announcement for any reason that is not contrary to law. In view of the facts of this case as found by the Board, it is not necessary for us to decide whether there could ever be a VEOA claim based upon the cancellation of a vacancy announcement. Instead, we must only determine whether Mr. Abell has a VEOA claim

based on the cancellation of the Navy's third GS–13 General Engineer position. Mr. Abell contends that the Navy's process for filling the three announced vacancies was "rife with efforts on the part of the [Navy's] employees to evade the mandates of the VEOA." Petitioner's Brief at 23. Mr. Abell, however, does not allege that the Navy withdrew the vacancy announcement in bad faith, except to say that the Navy cancelled the vacancy in an attempt to avoid hiring him. The Navy is not required to hire a preference eligible veteran, if, as was the case here, it does not believe that the candidate is qualified or possesses the necessary experience. The Navy's decision not to hire Mr. Abell and to cancel the vacancy announcement was based on a good faith reason. The record amply supports the Board's finding that Mr. Abell was not selected because he was not the best candidate for the job and lacked the experience necessary to carry out the functions required by the position. Mr. Glagola, the recommending official in the Navy and the head of the panel that reviewed the applications, interviewed and ranked several of the candidates. He testified that only those candidates that were considered the most qualified based on their paper records were invited to interview. He further testified that all of the interviews were conducted in the same manner. Finally, Mr. Glagola testified that the interviews factored into his recommendation as the selecting official and that Mr. Abell had several weaknesses in the areas of the position that were most important to the selecting officials. As a result, Mr. Glagola testified that he did not believe that Mr. Abell was qualified for the vacant position and that therefore he did not recommend that the Navy select Mr. Abell for one of the vacant positions. The VEOA required that the Navy give Mr.

Abell the opportunity to compete for the three vacant positions; the VEOA did not require that the Navy give Mr. Abell a position if he scored the most points. The Navy reasonably relied on its interview process to determine that Mr. Abell did not meet the qualifications required for the position. In short, Mr. Abell had the opportunity to compete and did compete; the Navy's decision not to fill the position did not violate Mr. Abell's rights under the VEOA.

### III. Duty to Inform Preference Eligible of Request to Passover

■ As noted above, under 5 U.S.C. § 3318(b)(1), an appointing authority may pass over a preference eligible candidate in order to select an individual who is not a preference eligible. 5 U.S.C. § 3318(b)(1). The procedure for doing so requires the appointing authority to send a statement of reasons for the request to pass over to OPM, which reviews the reasons in order to make a determination of whether to grant the authority to the agency to pass over.

> In the case of a preference eligible described in section 2108(3)(C) of this title who has a compensable service-connected disability of 30 percent or more, the appointing authority shall at the same time it notifies the Office under paragraph (1) of this subsection, notify the preference eligible of the proposed Passover....

*Id.* § 3318(b)(2). When an agency requests authority from OPM to pass over a preference eligible veteran with a thirty percent or more compensable service-connected disability, it must notify the preference eligible of its reasons for doing so and afford him an opportunity to respond to the request to OPM. *Id.* Mr. Abell argues that the Navy had a statutory duty to inform him of its request to pass him over for Mr. Green, to state its reasons for the request, and to give him an opportunity to respond to the request. The Navy responds that, since it never actually submitted to OPM a request to pass over Mr. Abell, it never incurred the duty to notify Mr. Abell and to allow him the opportunity to respond. The evidence supports the Board's conclusion that the Navy did not request passover authority from OPM. Ms. Arrington testified that only a ten-point veteran must be notified and only if the request goes to OPM for review. In this case, Ms. Arrington testified that the request was never actually submitted to OPM. The Navy instead chose to cancel the vacancy rather than pass over a preference eligible. The Navy did not violate Mr. Abell's rights under the VEOA because it was not required to inform him of its efforts to pass him over.

### CONCLUSION

For the reasons stated above, the Board's decision is affirmed.

### COSTS

Each party shall bear its own costs.

*AFFIRMED.*