United States Court of Appeals for the Federal Circuit

 04-3071

 LINDA A. BUIE,

 Petitioner,

 v.

 OFFICE OF PERSONNEL MANAGEMENT,

 Respondent.

 Linda A. Buie, pro se, of Kyle, Texas.

 Michael S. Dufault, Trial Attorney, Commercial Litigation
Branch, Civil Division, United States Department of Justice, of
Washington, DC, for respondent. With him on the brief were Peter D.
Keisler, Assistant Attorney General; David M. Cohen, Director; and
Bryant G. Snee, Assistant Director.

Appealed from: United States Merit Systems Protection Board

 United States Court of Appeals for the Federal Circuit

 04-3071

 LINDA A. BUIE,

 Petitioner,

 v.

 OFFICE OF PERSONNEL MANAGEMENT,

 Respondent.

 __________________________

 DECIDED: October 12,
2004
 __________________________

Before RADER, LINN, and DYK, Circuit Judges.

LINN, Circuit Judge.
 Linda A. Buie (“Buie”) appeals from a final decision of the Merit
Systems Protection Board (“Board”), affirming the decision of the
Office of Personnel Management (“OPM”) calculating the amount of
Buie’s deposit contributions to be made under the provisions of the
Civil Service Retirement System (“CSRS”). Buie v. Office of Pers.
Mgmt., 94 M.S.P.R. 595 (2003) (No. DA-0831-02-0096-I-1). Because
Buie’s service was not “covered service” as defined by section
203(a)(3) of the Federal Employees’ Retirement Contribution Temporary
Adjustment Act of 1983 (“FERCTAA”) and she is thus not eligible to
claim the reduced deposit rate contained in 5 U.S.C. § 8334(c), we
affirm.
 BACKGROUND
 Buie was employed by the Internal Revenue Service (“IRS”) from
January 20, 1969 to September 14, 1984. Buie, 94 M.S.P.R. at 596.
She later applied for, and received, a refund of her retirement
contributions of $13,411.96 for that period of her service. Id. Buie
was reemployed by the IRS from January 24, 1994 to July 19, 1994. Id.
 From August 6, 1994 to December 24, 1994, Buie worked as a Rural
Carrier Relief for the U.S. Postal Service (“USPS”). Id. From
December 24, 1994 to July 17, 1999, Buie worked for the USPS as a
Rural Carrier Associate. Id. Buie’s service from January 24, 1994 to
July 17, 1999 was considered non-contributory service, and CSRS
deductions were not taken from her pay. Id.
 Buie later applied to OPM to redeposit her retirement
contributions for her periods of service between 1969 and 1984, and
for a further deposit for her non-deduction periods of service between
1994 and 1999. Id. OPM sent Buie a bill for redeposit of
contributions for $46,341.00 ($13,411.00 redeposit plus $32,930.00
interest), and deposit of contributions in the amount of $8,498.00
($6,560.00 deposit and $1,938.00 interest). Id. Buie disagreed, but
OPM determined that its calculations were correct. Id. at 596-97.
 Buie appealed OPM’s decision. In an initial decision, the Board
found that OPM correctly calculated the amount of redeposit and
interest for Buie’s service between 1969 and 1984. Id. at 597.
However, the administrative judge found that OPM had improperly
calculated the amount of deposit and interest for Buie’s service
between 1994 and 1999, holding that OPM had improperly relied on the
basic pay rate in 5 U.S.C. § 8334(c) instead of the rate in 5 U.S.C.
§ 8334(k). Id.
 OPM filed a petition for review of the Board’s initial decision.
Id. In a final decision, the Board reversed the initial decision’s
holding regarding the deposit for Buie’s 1994 to 1999 service, holding
that Buie did not fall within the reduced deposit exception of 5
U.S.C. § 8334(c). Id. at 602.
 Buie appealed the Board’s deposit determination to this court.
We have jurisdiction from an appeal of a final decision of the Board
pursuant to 28 U.S.C. § 1295(a)(9).
 ANALYSIS
 A. Standard of Review
 “Our scope of review in an appeal from a decision of the Board is
limited. Specifically, we must affirm the Board’s decision unless we
find it to be arbitrary, capricious, an abuse of discretion, or
otherwise not in accordance with law; obtained without procedures
required by law, rule, or regulation having been followed; or
unsupported by substantial evidence.” Abell v. Dep’t of the Navy, 343
F.3d 1378, 1382-83 (Fed. Cir. 2003); 5 U.S.C. § 7703(c) (2000).
 “The petitioner bears the burden of establishing error in the
Board’s decision.” Harris v. Dep’t of Veterans Affairs, 142 F.3d
1463, 1467 (Fed. Cir. 1998).
 B. The Parties’ Arguments
 The parties dispute what basic pay rate under 5 U.S.C. § 8334(c)
applies to Buie’s deposit for her service between 1994 and 1999. Buie
argues that she should not be subject to the deposit rate set forth in
section 8334(c) for her non-deduction service because her service was
“covered service” under the FERCTAA exception in section 8334(c).
According to Buie, to hold otherwise would render section 8334(c)’s
exceptions a nullity.
 The Government, representing OPM, responds that Buie’s service
was not “covered service” as defined by section 203(a)(3) of FERCTAA.
The Government argues that under the plain language of section 203,
the Board correctly concluded that “covered service” included only
federal employees that were made subject to Social Security coverage
for the first time by section 101 of the Social Security Amendments of
1983, Pub. L. No. 98-21, 97 Stat. 65, 67-68 (codified at 42 U.S.C.
§ 410). The Government argues that under Taxera v. Office of
Personnel Management, 95 M.S.P.R. 97 (2003) (“Taxera II”), these
employees include members of Congress, congressional employees, the
President and Vice-President, officers serving under the Executive
Schedule at 5 U.S.C. §§ 5312-5317, non-career Senior Executive Service
or Senior Foreign Service employees, Article I and Article III judges,
and all other federal employees not subject to CSRS because they were
subject to a different federal employee retirement system. The
Government contends that the specific language in section 203(a)(3)
referring to employees who were subject to Social Security “by reason
of” amendments enacted by Pub. L. No. 98-21 excludes federal employees
that were not covered by CSRS, but were covered by Social Security
under provisions in effect prior to the enactment of Pub. L. No. 98-
21. The Government argues that the legislative history is consistent
with this interpretation.
 C. The Statute
 Section 8334(c) provides:
 Each employee or Member credited with civilian service after July
 31, 1920, for which retirement deductions or deposits have not
 been made, may deposit with interest an amount equal to the
 following percentages of his basic pay received for that
 service . . . .

5 U.S.C. § 8334(c) (2000). Section 8334(c) provides a table of
“percentage of basic pay rates” for various government positions. It
provides a 7% basic pay rate for “Employee” service from January 1,
1970 to December 31, 1998, and a 7.25% rate for service from January
1, 1999 to December 31, 1999. Id.
 However, section 8334(c) contains an exception that provides an
alternate contribution of the percentage of basic pay:
 Notwithstanding the preceding provisions of this subsection and
 any provision of section 206(b)(3) of the Federal Employees’
 Retirement Contribution Temporary Adjustment Act of 1983
 [(“FERCTAA”)], the percentage of basic pay required under this
 subsection in the case of an individual described in section
 8402(b)(2) shall, with respect to any covered service (as defined
 by section 203(a)(3) of such Act) performed by such individual
 after December 31, 1983, and before January 1, 1987, be equal to
 1.3 percent, and, with respect to any such service performed
 after December 31, 1986, be equal to the amount that would have
 been deducted from the employee’s basic pay under subsection (k)
 of this section if the employee’s pay had been subject to that
 subsection during such period.

Id. (emphases added). This exception allows employees described under
section 8402(b)(2) to contribute a different percentage “with respect
to any covered service” as defined by section 203(a)(3) of FERCTAA.
Id.
 Section 203(a)(3) of FERCTAA provides a definition of “covered
service”:
 the term “covered service” means service which is employment for
 the purposes of Title II of the Social Security Act and chapter
 21 of the Internal Revenue Code of 1954 by reason of the
 amendments made by section 101 of the Social Security Amendments
 of 1983 (97 Stat. 67) . . . .

Federal Employees’ Retirement Contribution Temporary Adjustment Act of
1983, Pub. L. No. 98-168, § 203(a)(3), 97 Stat. 1106, 1107 (codified
at 5 U.S.C. § 8331, note).
 Section 101(a) of the Social Security Amendments struck out the
existing paragraphs (5) and (6) defining types of federal service
excluded from the term “employment” and “insert[ed] in lieu thereof”
new paragraphs (5) and (6) defining different types of federal service
excluded from the term “employment.” Social Security Amendments of
1983, Pub. L. No. 98-21, § 101(a), 97 Stat. 65, 67 (codified at 42
U.S.C. § 410(a)(5)-(6)); see also Knudtson v. Office of Pers. Mgmt.,
59 M.S.P.R. 627, 631 (1993).
 In what has been termed “an exception to the exception,” United
States v. Hatter, 532 U.S. 557, 563 (2001), new paragraph (5) provided
the following provisions:
 except that this paragraph shall not apply with respect to—
 (i) service performed as the President or Vice President of
 the United States,
 (ii) service performed—
 (I) in a position placed in the Executive Schedule under
 sections 5312 through 5317 of title 5, United States Code,
 (II) as a noncareer appointee in the Senior Executive
 Service or a noncareer member of the Senior Foreign
 Service, or
 (III) in a position to which the individual is appointed by
 the President (or his designee) or the Vice President under
 section 105(a)(1), 106(a)(1), or 107(a)(1) or (b)(1) of
 title 3, United States Code, if the maximum rate of basic
 pay for such position is at or above the rate for level V
 of the Executive Schedule,
 (iii) service performed as the Chief Justice of the United
 States, an Associate Justice of the Supreme Court, a judge of
 a United States court of appeals, a judge of a United States
 district court (including the district court of a territory),
 a judge of the United States Claims Court, a judge of the
 United States Court of International Trade, a judge of the
 United States Tax Court, a United States magistrate, or a
 referee in bankruptcy or United States bankruptcy judge,
 (iv) service performed as a Member, Delegate, or Resident
 Commissioner of or to the Congress, or
 (v) any other service in the legislative branch of the Federal
 Government . . . .

See Social Security Amendments of 1983, Pub. L. No. 98-21,
§ 101(a)(1), 97 Stat. 65, 68 (codified at 42 U.S.C. § 410(a)(5)).
 D. Statutory Interpretation
 Under section 8334(c), “[a]n employee’s creditable civilian
service after July 31, 1920, for which retirement deductions have not
been made, will not be included in computing the amount of his CSRS
annuity unless he makes a deposit, with interest, for such service.”
Knudtson, 59 M.S.P.R. at 629 (citing 5 U.S.C. § 8334(c) and 5 C.F.R.
§ 831.303). Federal employees “may deposit with interest” an amount
equal to a specified percentage of his or her basic pay received for
that service. 5 U.S.C. § 8334(c) (2000). Pertinent to this case,
that basic pay rate is 7% for any “Employee” service from January 1,
1970 to December 31, 1998, and 7.25% for service from January 1, 1999
to December 31, 1999. Id.
 Buie argues that her service falls under the exception to section
8334(c), thus entitling her deposit to be calculated under the lower
basic pay rate of 5 U.S.C. § 8334(k) enumerated in the exception.
Under the plain language of section 8334(c), Buie is eligible to claim
the lower basic pay rate under the exception if: (1) she is an
employee described under 5 U.S.C. § 8402(b)(2); and (2) the relevant
period of her employment was “covered service” as defined by section
203(a)(3) of FERCTAA. 5 U.S.C. § 8334(c) (2000); Buie, 94 M.S.P.R. at
599; Knudtson, 59 M.S.P.R. at 630. Neither party disputes that Buie
is an employee described under 5 U.S.C. § 8402(b)(2), because Buie had
performed five years of civilian service before January 1, 1987 that
was creditable under the CSRS. See 5 U.S.C. § 8402(b)(2)(B) (2000).
 The parties principally dispute whether Buie’s service was
“covered service” within the meaning of section 203(a)(3) of FERCTAA.
Under the plain language of section 203(a)(3) of FERCTAA, “covered
service” includes only federal service that became “employment . . .
by reason of” the amendments to the Social Security Act made by
section 101 of the Social Security Amendments of 1983. The “by reason
of” language includes only categories of federal service that were
brought within the meaning of “employment” because of the amendments
in section 101 of the Social Security Amendments of 1983, and not
because of other statutory or regulatory provisions. Knudtson, 59
M.S.P.R. at 630-31 (“We interpret [section 201(a)(3)] as covering only
service that became ‘employment’ for the stated purposes ‘by reason
of,’ i.e., because of, the 1983 Amendments and not covering service
that was or became ‘employment’ for these purposes because of other
statutory or regulatory provisions.”).
 In a thorough analysis, the Board in Taxera II examined the pre-
and post-1983 amendment paragraphs of the Social Security Act, the
legislative history, and the Supreme Court precedent to determine the
effect of the statutory changes made by section 101 of the Social
Security Amendments of 1983. See Taxera II, 95 M.S.P.R. at 102-03.
In that analysis, the Board found that the new paragraph (5) of
section 210(a) of the Social Security Act exempted certain specific
categories of federal service from the definition of “employment,”
including, inter alia, the President, Vice-President, non-career
Senior Executive Service, non-career Senior Foreign Service, federal
judges, and certain legislative branch employees (“exempted high-level
federal employees”). Taxera II, 59 M.S.P.R. at 103 (quoting H.R. Rep.
No. 98-25, at 39 (1983), reprinted in 1983 U.S.C.C.A.N. 219, 257); see
also Hatter, 532 U.S. at 563 (discussing the class of federal
employees named in new paragraph (5)).
 The Supreme Court recognized that the amendments seemed “to
require this class of current federal employees to enter into the
Social Security program . . . .” Hatter, 532 U.S. at 563 (citing 42
U.S.C. § 410(a)(5)(C)-(G)). However, for these exempted high-level
federal employees, Congress guaranteed that participation in the
Social Security system would not result in an increase in deductions
from their basic pay. See id.; see also Taxera II, 95 M.S.P.R. at
103.
 Under this “exception to the exception,” section 203(a)(2) said
that any exempted high-level federal employees who contributed to a
“covered” retirement program nonetheless could modify their
participation such that their payroll deduction for retirement and
Social Security remained unchanged—a 7% deduction, at the time, and no
more. Hatter, 532 U.S. at 563. The exception defined a “covered”
program to include the CSRS as well as any other program to which an
employee must contribute. Id.
 The legislative history is in line with this statutory
construction and recognizes that section 101 of the Social Security
Amendments of 1983 brought these exempted high-level federal employees
under Social Security for the first time. The House Report explained:
 Section 101(a) of the bill provides Social Security coverage for
 Federal employees hired on or after January 1, 1984 and for
 certain current Federal employees including the President, Vice
 President, appointed Federal officials, Federal judges, members
 of Congress and legislative employees who are not covered under a
 federal retirement system.

 Section 101(a)(1) of the bill replaces paragraphs (5) and (6) of
 section 210(a) of the Social Security Act with new paragraphs (5)
 and (6). (The present paragraphs (5) and (6) generally exclude
 from the definition of Social Security covered employment
 civilian service performed in the employ of the United States or
 an instrumentality of the United States.)

 * * *

 The new paragraph (5) [of section 210(a) of the Social Security
 Act] does not apply to service: (1) as President or Vice
 President of the United States, (2) in a position established
 under sections 5312 through 5317 of title 5, United States Code,
 as a noncareer appointee of the Senior Executive Service or a
 noncareer member of the Senior Foreign Service, or in a position
 to which the individual is appointed by the President or Vice
 President under sections 105(a)(1), 106(a)(1), or 107(a)(1) or
 (b)(1) of title 3, United States Code, if the position's basic
 pay is at or above the rate for level V of the Executive
 Schedule; (3) as a member of the Supreme Court, [and other
 federal judges]; (4) as a Member, Delegate, or Resident
 Commissioner of or to the Congress; or (5) as an employee of the
 legislative branch who is not covered under the Civil Service
 Retirement System as of January 1, 1984. The effect of not
 applying paragraph (5) to such service is that such service is
 covered under Social Security beginning January 1, 1984.

H.R. Rep. No. 98-25, at 39 (1983) (emphasis added), reprinted in 1983
U.S.C.C.A.N. 219, 257-58.
 Thus, the exception to new paragraph (5) added by the Social
Security Amendments of 1983 specifically required these exempted high-
level federal employees to participate in the Social Security program
while freeing them of any added financial obligation so long as they
previously had participated in other contributory retirement programs.
 See Hatter, 532 U.S. at 564; Social Security Amendments of 1983,
§ 101(a)(1), 97 Stat. 65, 67-68. As the House Report recognized, the
exception to new paragraph (5) brought such service under Social
Security coverage for the first time. H.R. Rep. No. 98-25, at 39
(1983), reprinted in 1983 U.S.C.C.A.N. 219, 258. Thus, the service of
only these exempted high-level federal employees became “covered
service” “by reason of” section 101 of the Social Security Amendments
of 1983.
 Buie’s service was not “covered service” within the meaning of
the exception to 5 U.S.C. § 8334(c). Buie’s non-CSRS service between
January 24, 1994 and July 17, 1999 would have been subject to Social
Security coverage under the provisions of the Social Security Act in
effect before the enactment of the Social Security Amendments of 1983,
and therefore did not become “covered service” “by reason of” those
amendments. See 5 U.S.C. § 8334(c) (2000); Federal Employees’
Retirement Contribution Temporary Adjustment Act of 1983, Pub. L. No.
98-168, § 203(a)(3), 97 Stat. 1106, 1107; Buie, 94 M.S.P.R. at 602;
see also Taxera II, 95 M.S.P.R. at 101. Buie is therefore not
eligible for the reduced deposit rate exception in 5 U.S.C. § 8334(c).
 CONCLUSION
 Because Buie’s service was not “covered service” as defined by
section 203(a)(3) of FERCTAA, we affirm that Buie is not entitled to a
reduced deposit rate contained in the exception to 5 U.S.C. § 8334(c).
 AFFIRMED
 COSTS
 No costs.