NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3047

JULIA A. HARRIS-COLEMAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Julia A. Harris-Coleman, of Savannah, Georgia, pro se.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Brian M. Simkin, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3047

JULIA A. HARRIS-COLEMAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: March 12, 2007

_____

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Julia A. Harris-Coleman ("Harris-Coleman") seeks review of the initial decision of the administrative judge ("AJ") for the Merit Systems Protection Board ("Board"), Harris-Coleman v. OPM, No. AT-0831-06-0616-I-1 (M.S.P.B. Jul. 3, 2006) ("Initial Decision"), which became the final decision of the Board after the Board denied her petition for review, Harris-Coleman v. OPM, No. AT-0831-06-0616-I-1 (M.S.P.B. Oct. 6, 2006). In that decision, the Board affirmed the denial of Harris-Coleman's application for Civil Service Retirement System (CSRS) annuity benefits because she had already withdrawn all of her retirement contributions totaling $4,468.69. Because the Board's decision that Harris-Coleman failed to prove that she was entitled to any additional

CSRS annuity benefits is in accordance with law, supported by substantial evidence, and does not otherwise contain reversible error, we affirm.

Under 5 U.S.C. § 7703(c), "our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

The gravamen of Harris-Coleman's petition is that notwithstanding the Board's findings, she prevailed in an anti-discrimination lawsuit that she filed in the district court against her employer and that her victory in that lawsuit entitles her to additional CSRS annuity benefits. Harris-Coleman argues that she was victorious and was somehow effectively reinstated because the district court granted her motion to have a settlement agreement in that case vacated so that trial could proceed. However, the vacatur of the settlement agreement did not make Harris-Coleman victorious or effectively reinstated because the record shows, and Harris-Coleman does not dispute, that the district court entered judgment for the defendant, her employer, and dismissed her discrimination claims with prejudice. See Harris v. District of Columbia, No. 85-0172 (D. D.C. May 18, 1988)

Harris-Coleman also argues that she did not request the entire amount of her retirement contributions; rather, she only requested $2,106.24. However, Harris-

Coleman does not support her argument with any evidence. Moreover, the evidence of record establishes that her application for refund contains no limitation on her request for her retirement contributions and that she received the entire amount of her retirement contributions.

These facts constitute substantial evidence in support of the AJ's finding that Harris-Coleman was not entitled to additional CSRS annuity benefits.

Finally, Harris-Coleman argues that The AJ committed legal error in not applying the Civil Rights Act Law of 1964. To the extent that Harris-Coleman presents a claim of discrimination, such a claim is not properly before us because it was waived by Harris-Coleman in her Statement Concerning Discrimination under Fed. Cir. R. 15(c) as a precondition of our exercise of jurisdiction over her appeal.

COSTS

No costs.