NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3029

CONCHITA R. ARARRO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Conchita R. Ararro, of San Isidro, Castillejos, Philippines, pro se.

Jeremiah M. Luongo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director and Kenneth M. Dintzer, Assistant Director. Of counsel was Jo Ann Chabot, Attorney-Advisor, Office of the General Counsel, United States Office of Personnel Management, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3029

CONCHITA R. ARARRO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831080290-I-1.

_____

DECIDED:  March 31, 2009

_____

Before MICHEL, Chief Judge, SCHALL and LINN, Circuit Judges.

PER CURIAM.

Petitioner Conchita R. Ararro ("Ararro") petitions for review of a final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction.  Ararro v. Office of Pers. Mgmt., No. SF-0831-08-0290-I-1 (M.S.P.B. June 17, 2008) ("Decision"), review denied Ararro v. Office of Pers. Mgmt., No. SF-0831-08-0290-I-1 (M.S.P.B. Oct. 2, 2008).  Because Ararro has failed to identify any basis for us to overturn the Board's decision, we affirm.

On June 9, 2000, the Office of Personnel Management ("OPM") denied Ararro's application for survivor annuity benefits based on her late husband's federal service, on the ground that her husband served under an appointment specifically excluded by

regulation from coverage under the Civil Service Retirement System. <u>Ararro v. Office of Pers. Mgmt.</u>, No. SE-0831-00-0301-I-1, slip op. at 7 (M.S.P.B. Oct. 10, 2000), <u>review denied</u> <u>Ararro v. Office Of Pers. Mgmt.</u>, No. SE-0831-00-0301-I-1 (M.S.P.B. May 10, 2001). The Board affirmed the denial in an initial decision, which became final when the Board denied review. <u>Id.</u> at 2. Ararro did not seek further review of the Board's final decision. <u>Decision</u> at 2.

More than six years later, Ararro wrote to OPM concerning possible Civil Service Retirement System benefits. OPM responded in a letter dated January 16, 2008, which stated in its entirety:

> Dear Ms. Ararro:
>
> This is in reply to your letter concerning possible benefits payable from the Civil Service Retirement System (CSRS).
>
> A review of our records shows that our final decision on this issue was sent to you on 06/09/00. On 05/10/01, the Merit Systems Protection Board (MSPB) affirmed our decision that you are not entitled to survivor annuity benefits from the CSRS.
>
> There is nothing further we can add.

Resp't's App. 38.

Ararro filed an appeal to the Board referencing this letter. <u>Decision</u> at 1. The Board dismissed the appeal for lack of jurisdiction, reasoning that OPM's letter was not a decision on the merits of Ararro's entitlement to benefits, and consequently the letter was not appealable to the Board. <u>Id.</u> at 4. Ararro petitions for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

"Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained

without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Abell v. Dep't of Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

The Board's jurisdiction is limited by statute and regulation. Subject to certain exceptions not applicable to this case, "an administrative action or order affecting the rights or interests of an individual . . . may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." 5 U.S.C. § 8347(d)(1). Actions concerning Civil Service Retirement System benefits are governed by 5 C.F.R. § 831.110, which provides that "an individual . . . whose rights or interests under the Civil Service Retirement System . . . are affected by a final decision of the representative of the Associate Director for Compensation, Office of Personnel Management, may request the Merit Systems Protection Board to review such decision in accord with procedures prescribed by the Board" (emphasis added).

OPM's January 16, 2008 letter to Ararro was not a "final decision" concerning Ararro's entitlement to benefits. Rather, as the letter itself makes clear, OPM's final decision that Ararro was not entitled to Civil Service Retirement System benefits had been made on June 9, 2000, and Ararro obtained Board review of that decision. Because OPM's January 16, 2008 letter was not a final decision, the Board properly dismissed Ararro's appeal for lack of jurisdiction. Because the remainder of Ararro's arguments on appeal concern the merits of her underlying claim—which are not before

us—we need not and do not address those arguments.  We <u>affirm</u> the decision of the Board.

COSTS

No costs.