**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CARLTON EUGENE HOOKER, JR.,
Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,
Agency.

DOCKET NUMBER
AT-3330-21-0539-I-1

DATE: August 11, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carlton Eugene Hooker, Jr., Clearwater, Florida, pro se.

Luis E. Ortiz-Cruz, Esquire, Orlando, Florida, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.   Therefore, we DENY the petition for review.   Except as expressly MODIFIED to VACATE the administrative judge's finding that the agency requested authority to pass over the appellant for selection, we AFFIRM the initial decision.

## BACKGROUND

¶2        On June 28, 2021, the appellant filed a complaint with the Department of Labor (DOL), claiming that the agency denied him his right to compete for a Housekeeping Aid vacancy at the Bay Pines Veterans Administration Medical Center (VAMC).   Initial Appeal File (IAF), Tab 1 at 16.   After DOL closed its investigation without seeking corrective action, the appellant filed the instant Board appeal and requested a hearing.[2]  *Id.* at 1-3, 16-17.  The appellant claims that the agency denied him his right to compete on two bases:   (1) To avoid

---

[2] On August 9, 2021, the U.S. District Court for the Middle District of Florida imposed a prefiling injunction against the appellant to protect the Secretary of Veterans Affairs against the appellant's "incessant frivolous litigation," "continued meritless filings," and "abusive conduct."   IAF, Tab 7 at 4-7.   Specifically, the court enjoined the appellant "from filing any new action, complaint, or claim for relief against the Secretary of Veterans Affairs related to his employment in federal court, state court, or any other forum," without the signature of an attorney in good standing.  *Id.* at 6-7. However, we agree with the administrative judge that the instant appeal may proceed because the appellant filed it before the injunction was issued.   IAF, Tab 12 at 1.

having to select him, the agency placed his name on a fraudulent certificate of eligibles and made its selections from another certificate; and (2) in 2016 the agency issued the appellant an "illegal" No Engagement letter, which serves as a de facto permanent bar to his right to compete for employment.[3] IAF, Tab 1 at 5, 10, Tab 10 at 4-5.

¶3    After issuing a close of the record order, the administrative judge issued an initial decision denying the appellant's request for corrective action without a hearing. IAF, Tab 8, Tab 23, Initial Decision (ID). Specifically, the administrative judge found no evidence to suggest that the agency had, as alleged, created a "fake" certificate. ID at 5. She also found that the agency was in the process of seeking authority from the Office of Personnel Management (OPM) to pass over the appellant for appointment, which she considered "irrefutable evidence" that the agency had considered the appellant's application. ID at 6. The administrative judge further found that the appellant had failed to show that his being barred from the agency facility where the position was located had prevented him from competing for the position. *Id.*

¶4    The appellant has filed a petition for review of the initial decision, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

---

[3] According to the December 9, 2016 No Engagement letter and associated documentation, the appellant was removed from his Police Officer position at the Bay Pines VAMC in 2010, and had since that time, despite multiple warnings, engaged in a continuing pattern of disruptive and harassing behavior at the Bay Pines VAMC. IAF, Tab 11 at 4-7. The agency therefore banned the appellant from entering the Bay Pines VAMC or any of its outpatient facilities. *Id.* at 7-8. The appellant asserts that the U.S. District Court for the District of Columbia has declared this No Engagement letter null and void. IAF, Tab 13 at 3. He has filed multiple documents in support of his assertion, but none of these documents include any court ruling on the matter. *Id.* at 7-32. Instead, these documents consist of pleadings filed by the appellant and written communications between the appellant and the Assistant U.S. Attorney defending the case. *Id.* We find no evidence that the No Engagement letter was ever invalidated by any tribunal, and we find no reason to reach the validity of the letter in the context of the instant appeal.

**ANALYSIS**

¶5         Under 5 U.S.C. § 3304(f)(1), "[p]reference eligibles . . . may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures."[4]   After exhausting his administrative remedy with DOL, a preference eligible may appeal to the Board regarding an alleged violation of his right to compete. 5 U.S.C. § 3330a(a)(1), (d); *see Montgomery v. Department of Health and Human Services*, 123 M.S.P.R. 216, ¶ 5 n.2 (2016). On the merits, the appellant bears the burden of proving by preponderant evidence that the agency violated his right to compete under 5 U.S.C. § 3304(f)(1). *See Abell v. Department of the Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003); 5 C.F.R. § 1201.57(c)(4). The Board may decide a VEOA appeal on the merits, without a hearing, when there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008).

¶6         As explained above, the appellant argues that the agency violated his right to compete in two ways, i.e., by placing his name on a "fraudulent" certificate and making its selections from another certificate, and by permanently impairing his right to compete through its 2016 No Engagement letter. *Supra* ¶ 2. Regarding the first of these arguments, we find no evidentiary support for the appellant's speculative and highly improbable assertion that the May 25, 2021 certificate of eligibles was a sham that the agency devised for the purpose of excluding him from consideration for the position. IAF, Tab 5 at 14-15. A genuine dispute of fact requires an evidentiary conflict created on the record, whether by documentary evidence or the sworn statement of a knowledgeable declarant. *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*,

---

[4] This statutory right to compete extends to open competitive examinations such as the one involved in the instant appeal. *See Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 23 n.11 (2010).

731 F.2d 831, 835-36 (Fed. Cir. 1984). The appellant filed several documents that he obtained pursuant to a Freedom of Information Act (FOIA) request, which he argues show that the certificate of eligibles was fraudulent. IAF, Tab 14. However, these documents pertain to a different vacancy announcement—one for a Police Officer position for which the appellant applied in 2007. *Id.* at 7-11. We do not see how these documents are relevant to the instant appeal, much less how they could give rise to a genuine dispute of material fact.

¶7        The appellant also states that the agency extended him a tentative job offer but later retracted it. IAF, Tab 17 at 5. The agency has submitted evidence confirming the appellant's allegation, i.e., an email explaining to the appellant that, after the agency reviewed its preemployment screening results, it had determined that the tentative job offer was extended in error. IAF, Tab 19 at 4. However, this evidence tends to show that the agency did consider the appellant's application, even though it ultimately decided not to select him. Section 3304(f)(1) only gives the appellant the right to compete for the vacant position at issue; it does not guarantee that his application will be successful. *Abell*, 343 F.3d at 1383.

¶8        The appellant further argues, with supporting evidence, that numerous individuals applied for the Housekeeping Aid position under the vacancy announcement at issue, the agency created multiple certificates of eligibles based on this single announcement, and the agency selected multiple individuals off of other certificates.[5] IAF, Tab 17 at 5; PFR File, Tab 1 at 13-24. All this appears

---

[5] It appears that at least some of this evidence, filed for the first time on petition for review, may not be "new" within the meaning of 5 U.S.C. § 1201.115(d). However, we do not reach that issue because we find that none of the evidence is material.

The appellant disputes the administrative judge's ruling that denied his motion to stay proceedings pending resolution of the FOIA request that uncovered these documents. PFR File, Tab 1 at 8; IAF, Tabs 15-16. For the reasons explained by the administrative judge, we find that she did not abuse her discretion in denying the appellant's motion. IAF, Tab 16; *see Funk v. Small Business Administration*, 5 M.S.P.R. 221, 222-23 (1981) (finding unavailing the appellant's assertion that his case should be reopened because

to be true. However, none of it suggests that the May 25, 2021 certificate was not a bona fide certificate or that the appellant was not actually considered for the Housekeeping Aid position. Nor are the agency's actions in this regard in any way suspect. The "Open Continuous Announcement" under which the appellant applied clearly explained that the agency would accept applications on a rolling basis and create multiple referral lists to fill Housekeeping Aid positions as they came open. IAF, Tab 5 at 30. Likewise, although the May 25, 2021 certificate was created prior to the listed closing date of the announcement, contrary to the appellant's arguments, this does not suggest that the certificate was fraudulent. IAF, Tab 18 at 5-6. The announcement itself specifically stated that some referral lists would be created before the announcement closed. IAF, Tab 5 at 30.

¶9      Regarding the appellant's second argument concerning the No Engagement letter, it appears likely that the appellant would have been selected or at least interviewed for the position were it not for this standing order barring him from the Bay Pines VAMC. However, we find that these circumstances do not constitute a violation of the appellant's right to compete. A preference eligible's right to compete does not preclude an agency from eliminating him from further consideration for a position based on his suitability or qualifications, and nothing requires that the preference eligible be considered at every stage of the selection process, up to that process's final stage. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 11 (2014). For these reasons, we agree with the administrative judge that there is no genuine dispute of material fact, and the agency is entitled to judgment as a matter of law. Although the agency did not

he had not received all the documents that he had requested from the agency via FOIA when the appellant had failed to avail himself of the discovery process). Furthermore, for the reasons explained in this Final Order, we find that even if the administrative judge had abused her discretion, the appellant's substantive rights were not prejudiced because the documents that he obtained through his FOIA request were immaterial to the outcome of the appeal. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

ultimately select the appellant for the Housekeeping Aid position, it afforded him his right to compete for it.

¶10    Although we affirm the initial decision on these grounds, we do not agree with all of the administrative judge's findings and rulings.  First, we observe that the close of the record order did not clearly explain that the appellant would not be afforded his requested hearing unless he raised a genuine dispute of material fact.  IAF, Tab 8.  However, we find that any deficiency in the order did not prejudice the appellant's substantive rights because he did not raise a genuine dispute of material fact even on petition for review.  *Cf. Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 11 (2010) (remanding the appeal for further adjudication where the administrative judge denied corrective action on the written record without issuing a close of the record order and there remained genuine issues of material fact).

¶11    Second, the administrative judge's finding that the agency was in the process of seeking pass over authority from OPM was based on the agency representative's statements at the close of the record conference.  ID at 5-6; IAF, Tab 12 at 2.  Although the administrative judge found that this was "irrefutable evidence" that the agency had considered the appellant's application, ID at 6, the statements of a party's representative during a status conference do not constitute evidence at all, *Hartsock-Shaw v. Office of Personnel Management*, 107 M.S.P.R. 17, ¶ 10 (2007).  We therefore modify the initial decision to vacate this finding.  Nevertheless, it is the appellant's burden to provide evidence showing that the agency violated his right to compete; it is not the agency's burden to disprove an appellant's unsupported assertions of such a violation.  5 C.F.R. § 1201.57(c)(4).  The appellant in this case has not proven that the agency violated his right to compete with respect to the vacancy announcement at issue, and there is no genuine dispute of material fact that would require a hearing on the matter.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.