NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3246

PEDRO G. BAGUNAS, JR.

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: March 10, 2006

_____

Before LOURIE, LINN, and DYK, Circuit Judges.

PER CURIAM.

Petitioner Pedro G. Bagunas, Jr. ("Bagunas") petitions for review of a final decision of the Merit Systems Protection Board ("Board"), affirming denial of Bagunas' request for restoration following his full recovery from a compensable injury. Bagunas v. United States Postal Serv., No. SF-0353-03-0470-I-2 (M.S.P.B. May 3, 2005). Finding no reversible error in the Board's decision, we affirm.

BACKGROUND

Bagunas was hired as a Letter Carrier at the Livermore, California Post Office on April 24, 1999, subject to a 90-day probationary period. On May 7, 1999, his first day delivering mail, he complained to his trainer, Christine Warner, about discomfort in his eye. Bagunas was absent from work for several full days and several partial days. He was terminated from his probationary position by letter on May 19, 1999. The

termination letter explained that "[i]n light of events that have taken place during [Bagunas'] probationary period, there is a question as to [his] work ethics," and that "there will not be sufficient time in order to properly evaluate [his] performance." R.A. at 65.

Bagunas filed a claim for benefits with the Office of Workers' Compensation Programs (OWCP) on September 2, 1999. His claim was accepted for corneal abrasion of the right eye. He was granted OWCP benefits from May 8, 1999, through May 23, 1999.

Bagunas requested reinstatement to his City Carrier position in letters dated August 7, 2002 and May 2, 2003, on the theory that he was entitled to restoration rights pursuant to 5 U.S.C. § 8151(b). The agency denied these requests in letters dated June 11, 2003 and September 30, 2003. In the September 30, 2003, letter, the Postal Service explained that Bagunas was ineligible for reinstatement because he did not request reinstatement until more than three years after his termination.

Bagunas appealed the agency's denial of reinstatement on June 11, 2003. In a March 5, 2004, decision, the Administrative Judge ("AJ") denied Bagunas' request for restoration because he had failed to show that the termination was substantially related to his compensable injury, and concluded that there was no need to address the question of timeliness. That decision became final on May 3, 2005. Bagunas appealed to this court on August 8, 2005, and we have jurisdiction pursuant to 28 U.S.C. § 1295 (a)(9).

DISCUSSION

We must affirm the Board decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003); 5 U.S.C. § 7703(c).

An employee who fully recovers from a compensable injury within one year "is entitled to be restored immediately and unconditionally to his or her former position or an equivalent one." 5 C.F.R. § 353.301(a) (2005); 5 U.S.C. § 8151(b) (2000). However, the employee is only entitled to restoration if the employee was separated "as a result of a compensable injury." 5 CFR § 353.103(b) (2005). To establish restoration rights, a petitioner must prove by preponderant evidence (1) that he suffered a compensable injury or the recurrence of such an injury; (2) that his OWCP benefits were terminated on the basis that he fully recovered from his injury and were terminated within one year from the date on which they began; and (3) that his separation was "substantially related" to his injury. 5 U.S.C. § 8151(b); 5 C.F.R. § 353.103(b); see Walley v. Dep't of Veterans Affairs, 279 F.3d 1010, 1016 (Fed. Cir. 2002), abrogated on other grounds, Garcia v. Dep't of Homeland Sec., -- F.3d --, 2006 WL 305530 (Fed. Cir. 2006). In order to show that termination was substantially related to his compensable injury, the petitioner must show that the separation was solely attributable to the compensable injury. See Walley, 279 F.3d at 1016; New v. Dep't of Veterans Affairs, 142 F.3d 1259, 1264 (Fed. Cir. 1998).

It is undisputed that Bagunas received benefits relating to his eye injury from OWCP from May 8, 1999, to May 23, 1999, and that his payments were terminated because he had fully recovered from his condition. However, the parties dispute whether the agency's termination was "substantially related" to a compensable injury.

I

The termination letter indicated that Bagunas was removed for two reasons: first, because of his "work ethics"; and second, because there was insufficient time to evaluate his performance. Although the lack of time to evaluate Bagunas' performance may have been substantially related to his compensable injury, the AJ concluded that he was also removed because of questionable work ethics, a reason unrelated to his injury, and thus he had "failed to show that there was no valid cause aside from the injury that precipitated the agency's action." R.A. at 19. Specifically, the AJ found that "Ms. Smith terminated the appellant, in part, because he did not report the injury immediately and because she believed he may have been making a false claim for an on-the-job injury." R.A. at 20. Termination for failure to report an on-the-job injury would be a reason unrelated to the injury itself. There is no suggestion that Bagunas' injury prevented him from timely reporting the nature of the injury. [1]

The AJ apparently concluded that the agency's reasonable belief that Bagunas had failed to follow instructions constituted a "valid cause" for his removal unrelated to his injury, even though Bagunas may have in fact followed instructions. The AJ stated that "even assuming that the appellant could prove that he had followed instructions and

---

[1] In light of the fact that the failure to report was an unrelated ground, we need not address whether the suspicion that Bagunas made a false claim was related to his injury.

told Ms. Warner that his injury had occurred on-the-job, the merits of the agency's action are not before the Board, and the only question is whether the appellant's termination was 'solely' attributable to the compensable injury." R.A. at 21 (emphasis added). The AJ found, based on his evaluation of the testimony, that "appellant did not make it clear to either Ms. Warner or Ms. Smith that he had incurred an on-the-job injury until 3 days after the injury allegedly occurred-May 10, 1999-at the earliest . . . ." R.A. at 20. Accordingly, the AJ found that "Ms. Smith had reason to believe that the appellant had not followed her instructions to report an injury immediately . . . ." R.A. at 21 (emphasis added). No case law has been called to our attention suggesting that a "reasonable belief" standard is inappropriate. Moreover, a contrary rule would require evaluation of decisions on the merits of the removal action during restoration proceedings. We therefore conclude that Bagunas is not entitled to restoration if the agency reasonably believed it was discharging Bagunas for a cause unrelated to the injury.

II

The AJ's conclusion that Ms. Smith had reason to believe Bagunas had not followed her instructions is supported by substantial evidence. The AJ carefully evaluated the documentary evidence, including the termination letter, as well as the credibility of the conflicting and in some respects internally inconsistent testimony of Christine Warner, Shirley Smith and Bagunas.

It is undisputed that Bagunas' first day delivering mail was May 7, 1999, and that his trainer, Christine Warner, accompanied him. It is also undisputed that petitioner was required to promptly report an on the job injury to a supervisor. The AJ credited Shirley

Smith's and Ms. Warner's testimony that as of May 7, 1999, Bagunas had not made clear to Ms. Smith or Ms. Warner that his eye problem was job related.

The AJ found that on May 8, Bagunas reported his eye condition to Ms. Smith, and that she opined that he was suffering from pink eye and excused him from work. The AJ found it significant that Bagunas did not testify that, on May 8, he challenged Ms. Smith's suggestion that his injury was caused by pink eye (as opposed to a work-related cause).

The AJ found that Bagunas made it clear that he had suffered a work related injury on May 10 at the earliest, three days after the injury occurred. We conclude that the AJ's conclusion that Ms. Smith terminated Bagunas because she had reason to believe that he had failed to follow instructions is supported by substantial evidence.

It is not the function of an appellate court to re-weigh conflicting evidence, Bieber v. Dep't of Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002), and credibility determinations are "virtually unreviewable" on appeal. Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004).

For the foregoing reasons, we find that the AJ's conclusion that the termination was not substantially related to the injury is supported by substantial evidence. The Board's decision is affirmed.

No costs.