NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3245

ROGER A. NELSON, JR.,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Roger A. Nelson, Jr., of Chicago, Illinois, pro se.

Robert C. Bigler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3245

ROGER A. NELSON, JR.,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Petition for Review of the Merit Systems Protection Board in CH0752080134-I-1.

_____

DECIDED:  October 10, 2008

_____

Before RADER, LINN, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Roger A. Nelson, Jr. ("Nelson") petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming his removal by the United States Postal Service ("Postal Service").  <u>Nelson v. U.S. Post Office</u>, CH-0752-08-0134-I-1 (M.S.P.B. Mar. 3, 2008) ("<u>Board Decision</u>").  Because the Board's decision is in accordance with law and supported by substantial evidence, we <u>affirm</u>.

Nelson was a City Letter Carrier at the Jackson Park Station of the Chicago Post Office.  <u>Board Decision</u> at 1.  The Postal Service removed Nelson for failure to maintain regular attendance, as a result of absences between September 19, 2006 and August 22, 2007.  <u>Id.</u> at 2.  Nelson admitted to 598.6 hours of unscheduled absences in that

eleven-month period. Id. at 4. On August 14, 2007, Nelson's supervisor Bernadine Keys initiated proceedings to remove Nelson. Id. at 6. On November 7, 2008, Valarie Carter, the Manager of Customer Services Operations for the Postal Service's Chicago District, issued a letter of decision removing Nelson.

Nelson appealed his removal to the Board. Following a hearing at which Keys, Carter, and Nelson testified, an administrative judge of the Board issued an initial decision affirming Nelson's removal. Nelson did not petition for review by the Board, so the initial decision became final on April 7, 2008. Id. at 11. Nelson appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

"Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Abell v. Dep't of Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Nelson raises three arguments on appeal. First, Nelson argues that his termination was the result of retaliation for letters that he had written complaining about Keys's and Carter's management. To establish a prima facie case of retaliation for whistleblowing activity, an employee must show by a preponderance of the evidence that (1) he engaged in whistleblowing activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8), and (2) the protected disclosure was a contributing factor in a

personnel action. 5 U.S.C. §§ 1221(e)(1), 2302(b)(8); Briley v. Nat'l Archives & Records Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001); Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1322 (Fed. Cir. 1999). In this case, the Board credited Keys's testimony that she had no knowledge of Nelson's letters at the time she initiated termination proceedings, and it therefore concluded that the letters could not have been a contributing factor in Nelson's removal. Board Decision at 6. Nelson offers no reason for us to disturb the Board's credibility determination on this point. See Rogers v. Office of Pers. Mgmt., 87 F.3d 471, 472 (Fed. Cir. 1996) ("[C]redibility determinations [of an administrative judge] are 'virtually unreviewable.'" (quoting Hambsch v. Dep't of Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986))). Likewise, the Board concluded that, even assuming that Carter knew of Nelson's complaints at the time that she issued the letter of removal, Nelson "failed to present any evidence establishing that there is a genuine nexus between the alleged retaliation and the adverse action." Board Decision at 7. On appeal, Nelson has again failed to identify any evidence suggesting that his letters were a "contributing factor" in his removal. We therefore conclude that the Board's rejection of Nelson's retaliation argument was in accordance with law.

Second, Nelson argues that the Board improperly considered an earlier fourteen-day suspension when determining whether removal was an appropriate penalty. Following previous disciplinary proceedings in 2006 that resulted in a fourteen-day suspension, Nelson and the Postal Service entered into a settlement agreement. Under the agreement, if Nelson met certain conditions going forward, the fourteen-day suspension would be removed from his record; if he failed to meet the conditions, the suspension would remain part of his record. Nelson admitted at the hearing in this case

2008-3245                                    3

that he had failed to meet the conditions of the settlement agreement.  Id. at 9.  The Board therefore did not err by considering the fourteen-day suspension.

Finally, Nelson argues that he was not allowed to present the testimony of any witness who could have rebutted the testimony of Keys and Carter.  Nothing in the record indicates that Nelson was prohibited from calling witnesses at the hearing.  In fact, Nelson testified on his own behalf at the hearing.  Moreover, the record indicates that, prior to his appeal, Nelson received a copy of the Board's regulations, along with a telephone number that he could call "[f]or further information on appeal procedures." Resp't's App. at 19.  Board procedures generally allow appellants to call witnesses at hearings.  See, e.g., 5 C.F.R. §§ 1201.31-37; 1201.51-64.  Nelson has identified no evidence suggesting that the Board failed to follow its own procedures.  We find no support in the record for Nelson's allegation that he was not allowed to call witnesses.

For the foregoing reasons, we affirm the decision of the Board.

COSTS

No costs.