# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2010

No. 09-20420
Summary Calendar

Charles R. Fulbruge III
Clerk

CLINTON BOWERS,

Plaintiff - Appellant

v.

DR. JAMES B. PEAKE; DEPARTMENT OF VETERANS AFFAIRS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
4:08-CV-3445

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Clinton Bowers appeals from the district court's grant of summary judgment in favor of Defendant-Appellee Dr. James B. Peake and the Department of Veterans Affairs (the "VA"). The district court granted summary judgment for Defendants, finding that Bowers failed to administratively exhaust most of his claims and that the claims that were properly before the court failed to present any issues of material facts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20420

We review a grant of summary judgment de novo, applying the same standards as the district court. *Ackerman v. Wyeth Pharm.*, 526 F.3d 203, 207 (5th Cir. 2008). Summary judgment is properly granted when there are no issues of material fact and one party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Bowers asserted a retaliation claim, alleging that he was not hired by the VA for a cemetery representative position on account of previous complaints he filed with the Equal Employment Opportunity Counsel. Uncontroverted summary judgment evidence shows that the position he applied for was never filled. As the district court noted, non-selection for a position that remains unfilled cannot support a retaliation claim because "the cancellation of an opening is a legitimate, non-discriminatory and non-retaliatory reason for not selecting a person for those positions." *Phillips v. TXU Corp.*, No. 3:05-CV-1588, 2006 WL 3900112, at *5 (N.D. Tex. Dec. 29, 2006) (citing *Black v. Tomilinson*, 425 F. Supp. 2d 101, 108 (D.D.C. 2006)); *see also Adams v. Groesbeck Indep. Sch. Dist.*, 475 F.3d 688, 692 (5th Cir. 2007) ("An employer does not discriminate or retaliate illegally if it has no job opening."). Accordingly, the grant of summary judgment on Bowers's retaliation claim was proper.

Bowers also alleged that he was entitled to be hired for the cemetery representative position on account of his status as a retired Master Sergeant in the U.S. Army. However, an agency is allowed to cancel vacancy announcements in any manner not inconsistent with law, and by doing so does not violate the preference rights of any veterans who applied for the position. *Abell v. Dep't of Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003). The testimony and sworn exhibits show that the duties of the cemetery representative were consolidated into the

2

No. 09-20420

St. Louis office and that the vacancy for the cemetery representative position in the Houston VA Cemetery was cancelled. Accordingly, Bowers's veteran's rights claim must also fail.

AFFIRMED.