## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,

        Appellant,

      v.

AGENCY FOR INTERNATIONAL
  DEVELOPMENT,

        Agency.

DOCKET NUMBERS
DE-3330-14-0414-I-1
DE-3330-14-0418-I-1
DE-3330-14-0422-I-1

DATE: March 26, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Frank Max Walsh</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The following facts are undisputed unless otherwise noted. The appellant exhausted his administrative remedies with the Department of Labor and timely filed three appeals alleging that the Agency for International Development (AID or the agency) violated his veterans' preference rights when it did not select him for Vacancy Announcements AID-14-0127-DM (MSPB Docket No. DE-3330-14-0414-I-1), AID-14-0165-DM1 (MSPB Docket No. DE-3330-14-0418-I-1), and AID-14-0173-DM (MSPB Docket No. DE-3330-14-0422-I-1). MSPB Docket No. DE-3330-14-0414-I-1 (0414), Initial Appeal File (IAF), Tab 23, Initial Decision (ID) at 3. The administrative judge joined the appeals for adjudication. 0414, IAF, Tab 7. The agency selected a candidate under Vacancy Announcement AID-14-0165-DM1 for the GS-15 Supervisory Public Health Advisor (HIV/AIDS) position to serve "as the Division Chief providing leadership, supervision, and technical expertise in monitoring and evaluation [ ] and the coordination of strategic information [ ] activities for global HIV and

AIDS programming." 0414, IAF, Tab 6 at 168, Tab 15 at 13. The appellant was deemed not qualified for the HIV/AIDS position.[2] 0414, IAF, Tab 6 at 14.

¶3 The agency also determined that the appellant was not qualified under Vacancy Announcements AID-14-0127-DM and AID-14-0173-DM. *Id*. at 24, 42. The agency cancelled those recruitments, without making a selection, and elected to have the positions reclassified. 0414, IAF, Tab 15 at 50, 55. The appellant requested and received second opinions from the agency concerning his applications for all three vacancy announcements, and the agency's subject matter experts reviewed his application and upheld the original determinations finding that he was not qualified. 0414, IAF, Tab 6 at 14, 24, 29-30, 42-43, 46-50.

¶4 On appeal, the appellant argued that agency personnel failed to properly evaluate his applications, that he qualified for all three positions, and that the selection process was unlawful.[3] 0414, IAF, Tab 9 at 4, 6. The administrative judge informed the parties that he found no genuine dispute of material fact requiring a hearing, advised the parties of the applicable law and burdens of proof, and issued a close of the record order allowing the parties until September 19, 2014, to supplement the record. 0414, IAF, Tab 10. The parties responded, and the administrative judge found, based on the undisputed facts, that the agency did not violate any of the appellant's statutory or regulatory veterans' preference rights in its selection process. 0414, IAF, Tabs 12, 14-15, 17, 19-22; ID at 3.

¶5 The administrative judge found preponderant evidence established that the agency did not improperly omit, overlook, or exclude a portion of the appellant's experiences or work history in finding that he was not qualified for the HIV/AIDS Supervisory Public Health Advisor position announced under Vacancy

---

[2] The announced vacancies were open to all U.S. citizens and nationals. 0414, IAF, Tab 6 at 88, 162, 168.

[3] The appellant has not alleged that the agency failed to adjudicate his 5-point veterans' preference in processing his applications.

AID-14-0165-DM1. ID at 8. In reaching his decision, the administrative judge considered the detailed analysis of the agency's subject matter experts who twice reviewed the appellant's qualifications and found that he lacked the relevant specialized experience required for the HIV/AIDS position. ID at 7. The administrative judge also found that the appellant failed to submit any evidence or argument showing that the agency's failure to make any selections under Vacancy Announcements AID-14-0127-DM and AID-14-0173-DM was unlawful. ID at 4-5. In addition, the administrative judge stated that the documents submitted by the appellant concerning the improper selection practices purportedly used by the Department of Health & Human Services (HHS) pertained to a separate executive agency from AID and thus had little if any probative value. ID at 8.

¶6 The appellant has filed a petition for review arguing, in pertinent part, that he was improperly denied a hearing and that the "most salient" fact in dispute is his claim that the agency violated his "VEOA rights." Petition for Review (PFR) File, Tab 1 at 7, 9. The appellant also refers to prior appeals he filed against a different agency (HHS); argues that there is a pattern and practice of circumventing veterans' rights; and asks the Board to find, based on the record evidence, that the agency violated his rights under VEOA. PFR File, Tab 1 at 8-12, 15. The agency has responded in opposition to the petition, and the appellant has replied reasserting his argument that he was improperly denied a hearing and arguing that the agency's representative distorted his qualifying work experience. PFR File, Tab 3, Tab 4 at 7-8.

¶7 To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans' preference rights in its selection process. *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient

to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2). The Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008). A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 14 (2006). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id*.

¶8         Preference-eligible veterans applying for federal employment have the right "to credit for all experience material to the position for which examined, including experience gained in religious, civic welfare, service, and organizational activities, regardless of whether" such experience is unpaid. 5 U.S.C. § 3311(2); *see* 5 C.F.R. § 302.302(d); *see also Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 7 (2014). Although a preference eligible is entitled to have a broad range of experiences considered by the agency in reviewing his application for a position, how the agency adjudges and weighs those experiences is beyond the purview of the Board's review in a VEOA appeal. *Miller*, 121 M.S.P.R. 88, ¶ 9.

¶9         The matter at issue in a VEOA appeal is not whether a particular agency action is proper and should be sustained. *Id*. Pursuant to 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board is limited to assessing whether an agency considered all of an appellant's "valuable experience" that is material to the position for which he has applied, and this assessment does not include a review of the weight the agency gave to a preference eligible's prior experiences in determining that he was not qualified for a position of employment. *Miller*, 121 M.S.P.R. 88, ¶ 9. That said, VEOA does not guarantee a preference eligible a position of employment. *Scharein v. Department of the Army*, 91

M.S.P.R. 329, ¶¶ 9-10 (2002), *aff'd*, No. 02‑3270, 2008 WL 5753074 (Fed. Cir. Jan. 10, 2008).

¶10      The appellant's argument that the agency violated his veterans' rights under VEOA is a dispute of law, not a genuine dispute of material fact that warrants a hearing. PFR File, Tab 1 at 7. It is undisputed that the agency did not select any candidates who applied under Vacancy Announcements AID-14-0127-DM and AID-14-0173-DM. ID at 2-3. The Board has recognized that there is no statute or regulation that requires an agency to make a selection for a vacancy announcement. To the contrary, the Board has observed that an agency may cancel or repost a vacancy announcement without making a selection. *Ward v. Office of Personnel Management*, 79 M.S.P.R. 530, 534 (1998) (an agency has discretion as to which sources it will use to fill its positions and may select or not select from the applicants who respond to a vacancy announcement), *aff'd*, 194 F.3d 1333 (Fed. Cir. 1999) (Table); *see Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003) (finding that "[a]n agency may cancel a vacancy announcement for any reason that is not contrary to law"). Although the appellant argues that he was qualified for the positions, we agree with the administrative judge's finding that the agency's recruitment process under these vacancy announcements did not violate the appellant's rights under any statute or regulation related to veterans' preference. ID at 5.

¶11      The agency also determined that the appellant was not qualified under Vacancy Announcement AID-14-0165-DM1, and the agency selected a nonveteran applicant for the announced GS-15 Supervisory Public Health Advisor position. ID at 5; 0414, IAF, Tab 6 at 14. In the vacancy announcement, the agency stated that the person selected for the Supervisory Health Advisor position would serve as the Division Chief for the Bureau of Global Health, Office of HIV/AIDS, Strategic Planning, Evaluation & Reporting Division. 0414, IAF, Tab 6 at 168. Although the appellant disputes the agency's determination that he lacks the 1-year of specialized experience (equivalent to the GS-14 grade level)

required for the HIV/AIDS Supervisory Public Health Advisor position, VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency.  0414, IAF, Tab 6 at 170; *see Miller*, 121 M.S.P.R. 88, ¶ 12.

¶12        Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded those experiences in reaching its decision that the appellant was not qualified for a given position of employment.  *See Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009) ("Section 3311(2) guarantees that any experience of a veteran that is material to the position for which the veteran is examined will be credited.  At the very least, 'credited' means 'considered.'").  Based on our review of the record, we find that the agency's documentary evidence shows that its subject matter experts reviewed the appellant's applications and considered all of his relevant experience and work history, including his military service, in assessing his qualifications for the announced vacancies.  0414, IAF, Tab 6 at 24, 29-30, 39-43, 46-50.

¶13        As to Vacancy Announcement AID-14-0165-DM1, the agency informed applicants that "answers to the assessments questions must be supported by the experience described in [the applicant's] resume or [curriculum vitae] . . . [and if] your answers are not supported, this may affect your eligibility for further consideration."  0414, IAF, Tab 6 at 170.  The Director of the AID Office of HIV and AIDS reviewed the appellant's application and determined that he was not qualified, in part because the appellant's answers to 9 of 16 assessment questions were not supported by experience described in his resume.  *Id*., Tab 6 at 50-51.  Significantly, the Director also noted that the appellant's resume did not show that he worked in international and developing country HIV/AIDS programs,

which was the type of specialized experience required to qualify for the position based on the examples in the vacancy announcement. *Id.* at 48.

¶14 Despite the appellant's statement that the administrative judge "made numerous errors in material fact," the appellant failed to identify any genuine dispute of material fact that would justify a hearing in this appeal. PFR File, Tab 1 at 9. The appellant's arguments that the agency should have interviewed him based on his experience, and the agency's "narrative response seriously mischaracterized his career as well as prior legal cases" he brought against another agency (HHS), do not identify any genuine disputes of material fact requiring a hearing. PFR File, Tab 1 at 4, Tab 4 at 6-8. The appellant did not identify any experience or work history in his resume, concerning international and developing country HIV/AIDS programs, that the agency allegedly omitted, overlooked, or excluded. Moreover, we reviewed the appellant's 30-page, single-spaced resume, which he submitted for consideration under Vacancy Announcement AID-14-0165-DM1, and we found no reference to any experiences or job history directly related to HIV/AIDS programs. We agree with the administrative judge's finding that the agency conducted a detailed analysis of the appellant's qualifications and considered all of his material experience in determining that he was not qualified. ID at 7-8.

¶15 The appellant raises additional arguments on review, which are not dispositive and provide no basis to disturb the initial decision denying his request for corrective action under VEOA.[4] As previously stated, how the agency weighed the appellant's experience is beyond the purview of the Board's review in a VEOA appeal. *Miller*, 121 M.S.P.R. 88, ¶ 9. An agency is not required to

---

[4] For example, the appellant argues, among other things, that he was deemed "Best Qualified" for 36 positions in 2014 but received no job offers. PFR File, Tab 4 at 5. He discusses VEOA appeals involving agencies other than AID and claims that there is a pattern and practice of intentionally circumventing veterans' rights. *Id.* at 4, 8. He also argues that the administrative judge failed to perform her judicial function, but he failed to establish a basis for granting his petition for review. PFR File, Tab 1 at 6-10.

hire a preference-eligible veteran if, as was the case here, it does not believe that the candidate is qualified or possesses the necessary experience. *See Abell*, 343 F.3d at 1384.

¶16     Although the appellant also raised a claim of age discrimination, it is well settled that the Board has no authority to adjudicate discrimination claims in connection with VEOA appeals. PFR File, Tab 1 at 8, Tab 4 at 7; *see Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001). We therefore affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                 _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.