## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
               Appellant,

       v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
               Agency.

DOCKET NUMBER
DE-3330-14-0421-I-1

DATE: April 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Sara M. Klayton</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant, a 5-point (TP) preference-eligible veteran, applied for a GS-13 Public Health Advisor position under delegated examining vacancy announcement HHS-SAMHSA-DE-14-1085367, which was open to United States citizens.  Initial Appeal File (IAF), Tab 4 at 27-66.  The agency announced its intention to fill one vacancy and informed the applicants of a separate merit promotion announcement by stating that:

> **This vacancy is also being announced concurrently with vacancy announcement HHS-SAMHSA-MP-1085273 under merit promotion procedures. Please review that announcement to see if you are eligible for consideration under merit promotion procedures. NOTE: Applicants must apply separately for each announcement in order to be considered.**

*Id*. at 59.  It is undisputed that the appellant applied only under the delegated examining announcement and that the agency adjudicated his TP veterans' preference in processing his application.  IAF, Tab 20, Initial Decision (ID) at 6.

¶3        In the delegated examining announcement, the agency informed applicants that it would use the category rating procedure to rank and select eligible

candidates and that qualified candidates would be assigned to the following categories: Best Qualified, Well Qualified, and Qualified. IAF, Tab 4 at 62-63. The agency also explained that it would apply veterans' preference by placing preference eligibles at the top of their assigned category and considering them before nonpreference eligibles in that category. *Id*. at 63. It is undisputed that the human resources specialist who reviewed the appellant's application package rated him ineligible and did not refer him to the selecting official. ID at 6; IAF, Tab 4 at 16.

¶4       After exhausting his administrative remedies before the Department of Labor (DOL), the appellant timely filed an appeal alleging that the agency violated his veterans' preference rights in not selecting him for the GS-13 Public Health Advisor position under vacancy announcement HHS-SAMHSA-DE-14-1085367. IAF, Tab 1. On appeal, the appellant argued that the agency's selection process violated his veterans' preference rights by "not fairly testing the applicants" and by not crediting his military experience in violation of 5 U.S.C. § 3311. IAF, Tab 1 at 5. The appellant also argued that the agency may have used "one or more Prohibited Personnel Practices" in violation of 5 U.S.C. § 2302. *Id*. In support of his appeal, the appellant submitted a copy of the DOL file closure letter and the notice he received from the agency informing him that the agency adjudicated his 5-point (TP) veterans' preference but he was ineligible for the Public Health Advisor GS-13 position because he did not meet the minimum requirements. IAF, Tab 1 at 7-8.

¶5       The administrative judge found that the appellant established jurisdiction over his appeal pursuant to 5 U.S.C. § 3330a with respect to the issues that he exhausted before DOL, and "that within the ambit of issues raised with DOL is the appellant's allegation that the agency failed to properly credit his experience

in violation of 5 U.S.C. § 3311."[2] IAF, Tab 9 at 3. The administrative judge ordered the agency to submit proof that it properly credited the appellant's experience as required by 5 U.S.C. § 3311. IAF, Tab 11 at 1. The administrative judge also ordered the appellant to identify any material facts in dispute. *Id*. at 2. The parties responded, and the administrative judge issued an order finding no genuine issues of material facts in dispute and allowing the parties to submit additional evidence and argument before the record closed. IAF, Tabs 12-13, 15, 17.

¶6        The agency submitted documentation showing that it filled the Public Health Analyst position by selecting a candidate from the non-competitive referral list issued under the merit-promotion vacancy announcement. IAF, Tab 15 at 16. The agency also submitted the declaration of a human resources specialist swearing under the penalty of perjury that she reviewed all of the appellant's application materials, including his resume, and determined that he was ineligible for the position because he lacked the required specialized experience in substance abuse treatment delivery systems or homeless services.[3]

---

[2] The administrative judge found that he lacked jurisdiction over the following allegations that the appellant failed to exhaust at DOL. Specifically, his allegation that the agency failed to maintain a system that fairly tests the relative capacity and fitness of the applicants sought in violation of 5 U.S.C. § 3304(a)(1); and his allegation that the agency's determination was the product of violations of 5 U.S.C. § 2302(b)(6), and thereby violated an unspecified veterans' preference right unrecognized by VEOA. ID at 4.

[3] As relevant to the instant appeal, the GS-13 position required the following specialized experience:

> Must have one year of specialized experience equivalent to the GS-12 level in the Federal service. Examples of specialized experience includes: Experience working with substance abuse treatment delivery systems, and homeless services including, but not limited to, public, private for-profit, and private non-profit organizations responsible for planning, implementing and evaluating early intervention, treatment housing and recovery support services for individuals with substance abuse disorders and co-occurring disorders. Monitors grant and contract performance, provide technical assistance and conduct analyses of relevant

IAF, Tab 15 at 12. In response, the appellant disputed the declaration of the human resources specialist and stated that he would like to question her in a hearing. IAF, Tab 18 at 24. He also disputed that the agency made its selection from the merit promotion certificate. *Id*. He discussed his prior VEOA appeals and his alleged mistreatment due to "continued violations of his legal rights as a veteran." *Id*. at 8-21. He also argued, among other things, that Board is required to examine merits of the agency's action. *Id*. at 23.

¶7      The administrative judge issued an initial decision finding that the agency must prevail as a matter of law and denied the appellant's request for corrective action under VEOA. ID at 1-2, 7. Based on his finding that there was no genuine dispute of material fact, the administrative judge exercised his authority to decide the appeal without a holding hearing. ID at 1. In reaching his decision, the administrative judge found that the human resources specialist considered all of the valuable experience in the appellant's resume and application package in determining that the appellant was ineligible for the position. ID at 6. The administrative judge explained that VEOA does not empower the Board to consider the merits of the agency's action, and that the Board's role is limited to determining whether the agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his job qualifications. ID at 4, 7. The administrative judge further found that the appellant did not allege that the agency "omitted, overlooked, or excluded," any part of his 30-page resume in determining that he lacked the required specialized experience. ID at 6.

¶8      The appellant filed a petition for review asking the Board to remand the appeal to the field office with instructions to hold a hearing for the agency to

---

programmatic issues in order to recommend solutions for improve program outcomes. Must have experience leading a team, preparing and conducting presentations and preparing budget analyses and/or estimates of resource needs.

IAF, Tab 4 at 61.

explain its hiring decision. Petition for Review (PFR) File, Tab 1 at 21. In support of his request, the appellant reasserts his argument that the agency has a pattern and practice of denying veterans' legal rights and that he was improperly denied a hearing on the merits of his appeal because he identified disputed facts in his case. *Id*. at 7, 12, 21; IAF, Tab 18 at 23-25. The appellant also argues that hearings should be mandatory upon request. PFR File, Tab 1 at 6. The agency responded in opposition to the appellant's petition. PFR File, Tab 3.

¶9      To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). VEOA does not guarantee the preference-eligible appellant a position; the statute only affords him the right to compete for the position. *See Abell v. Department of the Navy*, 92 M.S.P.R. 397, 400-01 (2002), *aff'd*, 343 F.3d 1378 (Fed. Cir. 2003). Contrary to the appellant's arguments on review, the Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded these experiences in reaching its decision that the appellant was not qualified for a given position of employment. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 9 (2014).

¶10      On review, the appellant reasserts the argument he made on appeal that the agency's employees have lied and omitted qualifying information in assessing his qualifications for past vacancies. PFR File, Tab 1 at 12-13; IAF, Tab 18 at 23-24. In making this argument, the appellant still fails to identify any specific experience or work history in his application package that the agency improperly

omitted or overlooked in assessing whether he had the specialized experience required under the vacancy announcement relevant in this appeal. Although the appellant generally disputes the declaration of the human resources specialist who reviewed his application package and determined that he was ineligible for the position, VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency. PFR File, Tab 1 at 16; *see Miller*, 121 M.S.P.R. 88, ¶ 12.

¶11 The appellant also disputes that the agency hired from the merit promotion certificate because of the general "propensity of certain Agency Representatives and employees to lie." PFR File, Tab 1 at 14; IAF, Tab 18 at 24. This alleged factual dispute is not material because its resolution could not affect the outcome of this appeal.[4] Regardless of whether the agency hired from the merit promotion certificate, the appellant did not prove that the agency violated one or more of his statutory or regulatory rights in its selection process under the delegated examining vacancy announcement for which he applied. *See Dale*, 102 M.S.P.R. 646, ¶ 10.

¶12 The appellant also challenges the finding of the administrative judge that the Board lacks jurisdiction to consider the claims that he failed to exhaust with DOL, and he attempts to reassert some of those claims on review. PFR File, Tab 1 at 19; ID at 4; *see* supra note 2. Although the Board uses a liberal pleading standard for allegations of veterans' preference in a VEOA appeal, evidence of the exhaustion requirement is mandatory under the statute and is not subject to the same liberal construction. *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 24 (2013). Because the appellant offers no

---

[4] We note that the appellant identified no evidence in the record casting any doubt on the veracity of the agency's documentation showing that it filled the Public Health Analyst position by selecting a candidate from the non-competitive referral list issued under the merit-promotion vacancy announcement. *See* IAF, Tab 15 at 16.

new proof that he satisfied the exhaustion requirement with respect to any additional claims on review, the Board has no jurisdiction to consider them. PFR File, Tab 1 at 19; ID at 4.

¶13    We have considered the appellant's remaining arguments on review, most of which pertain to the agency's actions in his prior VEOA appeals and his general disagreement with the administrative judge's decision in this VEOA appeal, and we find no basis for disturbing the initial decision. PFR File, Tabs 1, 3. Because the appellant offers no new and material evidence that was unavailable before the record closed, and he has not shown that the administrative judge erroneously interpreted a statute or regulation, we deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.