# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN PAUL JONES, III,<br>        Appellant,<br><br>    v.<br><br>DEPARTMENT OF HEALTH AND<br>    HUMAN SERVICES,<br>        Agency. | DOCKET NUMBERS<br>DE-3330-14-0413-I-1<br>DE-3330-14-0342-I-1<br>DE-3330-14-0344-I-1<br>DE-3330-14-0351-I-1<br>DE-3330-14-0354-I-1<br>DE-3330-14-0372-I-1<br><br>DATE: APRIL 10, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Paul Jones, III, Albuquerque, New Mexico, pro se.

Melinda V. McKinnon, Esquire, and Robert L. Thomas, Atlanta, Georgia, for the agency.

Sara M. Klayton, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action under the Veterans

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    As the parties are familiar with the facts of this case, we are only reciting the background facts necessary to frame and decide the issues presented by the appellant on review. The appellant filed six separate VEOA appeals alleging that the Department of Health and Human Services (HHS), Centers for Disease Control and Prevention (CDC), violated his veterans' preference rights by failing to select him for the Public Health Advisor positions advertised under the following individual delegated examining announcements open to all United States citizens: HHS-CDC-D2-14-1075176 (Vacancy ID 75176) (MSPB Docket No. DE-3330-14-0413-I-1 (0413)), HHS-CDC-D3-14-1036324 (Vacancy ID 36324) (MSPB Docket No. DE-3330-14-0342-I-1 (0342)), HHS-SAMHSA-DE-14-1048446 (Vacancy ID 34969) (MSPB Docket No. DE-3330-14-0344-I-1 (0344)), HHS-CDC-D4-14-1081377 (Vacancy ID 81377) (MSPB Docket No. DE-3330-14-0351-I-1 (0351)), HHS-SAMHSA-DE-13-843240 (Vacancy ID 843240) (MSPB Docket No. DE-3330-14-0354-I-1 (0354)), HHS-SAMHSA-DE-

14-1105201 (Vacancy ID 05201) (MSPB Docket No. DE-3330-14-0372-I-1) (0372)). 0413, Initial Appeal File (IAF), Tab 1; 0342, IAF, Tab 1; 0344, IAF, Tab 1; 0351, IAF, Tab 1; 0354, IAF, Tab 1; 0372, IAF, Tab 1. The administrative judge joined the appeals and found that the Board has jurisdiction over the joined appeals, pursuant to 5 U.S.C. § 3330a(a)(1), with respect to the appellant's allegation that the agency failed to properly credit his experience in violation of 5 U.S.C. § 3311, which he exhausted at the Department of Labor (DOL). 0413, IAF, Tab 8, Tab 31, Initial Decision (ID) at 1-2. The administrative judge further found that he lacked jurisdiction over the appellant's other claims because he failed to exhaust those claims at DOL.[2] ID at 5.

¶3 Because the administrative judge found no genuine dispute of material fact, the administrative judge denied the appellant's request for corrective action without holding a hearing. ID at 2. With respect to Vacancy IDs 1036324, 1048446, 1081377, 1105201, 1075176, the administrative judge found in pertinent part that the agency's human resources specialists considered all of the appellant's valuable experience in his application packages and determined that he was not eligible because he lacked the required specialized experience set forth in the vacancy announcements. ID at 6-9, 12-13. The administrative judge further found that appellant did not allege that the agency improperly omitted, overlooked, or excluded any part of his 30-page resume in making its determination. ID at 6-9, 12-13. With respect to Vacancy ID 843240, the administrative judge found that the agency accidentally reposted the announcement in 2014 and cancelled it, without selecting any of the applicants,

---

[2] The administrative judge found that he lacked jurisdiction over the appellant's allegations that: the agency failed to maintain a system that fairly tests the relative capacity and fitness of the applicants sought in violation of 5 U.S.C. § 3304(a)(1); the agency's determination was age discrimination and thereby violated an unspecific veterans' preference right recognized by VEOA; and the agency's determination was the product of violations of 5 U.S.C. § 2302(b)(6), and thereby violated an unspecified veterans' preference right recognized by VEOA. ID at 5.

because the agency originally posted the vacancy announcement and filled the vacancy in 2013. ID at 11-12. Based on the foregoing, the administrative judge found that the agency did not violate 5 U.S.C. § 3311 or any other law relating to veterans' preference. ID at 13.

¶4  The Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded these experiences in reaching its decision that the appellant was not qualified for a given position of employment. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 9 (2014).

¶5  On review, the appellant argues that the administrative judge's refusal to hold a hearing severely and wrongfully compromised his ability to question the legality of the agency's actions with regard to Vacancy IDs 1036324, 1048446, 1081377, 1105201, 1075176; however he fails to identify a genuine dispute of material fact requiring a hearing. Petition for Review (PFR) File, Tab 1 at 5. Instead, in his petition for review, he primarily discusses his prior VEOA appeals, the Board's obligations to veterans, and a recent study published by the Board on recruitment and open competition for federal jobs. *Id*. at 4-13.

¶6  Contrary to the appellant's arguments on review, the administrative judge properly decided this VEOA appeal on the merits without a hearing because the record on the dispositive issues was fully developed on appeal, the appellant had a full and fair opportunity to dispute the agency's evidence, and there is no genuine dispute of material fact. *See Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 10 (2008). VEOA only prohibits an agency from denying a preference eligible the opportunity to compete; it does not provide

that veterans will be considered for positions for which they are not qualified. *See Dale v. Department of Veterans Affairs*, [102 M.S.P.R. 646](#), ¶ 13 (2006). The agency ultimately determined that the appellant was not qualified for the Public Health Advisor positions announced under Vacancy IDs 1036324, 1048446, 1081377, 1105201, 1075176, and the appellant's arguments on review do not show that the agency violated one or more of his statutory or regulatory veterans' preference rights by failing to select him for any of those positions. PFR File, Tab 1; ID at 6-9, 12-13.

¶7        As explained in the agency's submissions below and in the initial decision, the agency accepted applications under the remaining vacancy announcement, specifically Vacancy ID 843240, but the agency cancelled the 2014 vacancy announcement after discovering that it was an accidental reposting of a vacancy that was posted and filled in 2013. ID at 10-12; 0413, IAF, Tab 23, at 65-67; 0354, IAF, Tab 12 at 10. An agency does not violate a preference-eligible veteran's rights under VEOA when it cancels a vacancy announcement rather than select him. *Dean*, [108 M.S.P.R. 137](#), 142, ¶ 11. The appellant disputes that the agency reposted Vacancy ID 843240 due to an administrative error, and he argues that the more likely scenario is that the agency hired a less qualified, non-veteran friend of the hiring authority. PFR File, Tab 1 at 5, 14-16. Although the appellant is skeptical about the veracity of the agency's explanation for cancelling Vacancy ID 843240, the agency provided a lawful reason for the cancellation and the appellant offers no new evidence or argument on review proving that the agency's action violated a statute or regulation relating to veterans' preference laws. *See Abell v. Department of the Navy*, [343 F.3d 1378](#), 1384 (Fed. Cir. 2003) (finding that "[a]n agency may cancel a vacancy announcement for any reason that is not contrary to law"). Moreover, the appellant fails to identify any evidence to support his theory that the agency filled the announced vacancy by hiring "a less qualified, non-veteran friend of the hiring authority." PFR File, Tab 1 at 14.

¶8      On review, the appellant challenges the administrative judge's finding that the Board lacks jurisdiction to consider the claims that he failed to exhaust at DOL, and he attempts to reassert those claims on review.  PFR File, Tab 1 at 17-19; ID at 5; *see supra* ¶ 2 n.2.  Although the Board uses a liberal pleading standard for allegations of violations of veterans' preference in a VEOA appeal, evidence of the exhaustion requirement is mandatory under the statute and is not subject to the same liberal construction.  *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 24 (2013).  Because the appellant offers no new proof that he satisfied the exhaustion requirement with respect to any additional claims on review, the Board has no jurisdiction to consider them.

¶9      The appellant raises additional arguments on review that are not dispositive and provide no basis for disturbing the initial decision denying his request for corrective action under VEOA.  We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.