# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN PAUL JONES, III, <br>                Appellant, <br><br>     v. <br><br> DEPARTMENT OF HEALTH AND <br>   HUMAN SERVICES, <br>               Agency. | DOCKET NUMBERS <br> DE-3330-14-0427-I-1 <br> DE-3330-14-0430-I-1 <br> DE-3330-14-0452-I-1 <br><br> DATE: May 11, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>James E. Simpson</u>, <u>Kathleen Mee</u>, and <u>Sara M. Klayton</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2     The following facts are undisputed unless otherwise noted. The preference-eligible veteran appellant exhausted his administrative remedies with the Department of Labor (DoL) and timely filed three appeals alleging that the agency violated his veterans' preference rights when it did not select him for any of three delegated examining vacancy announcements, and the administrative judge joined the appeals for adjudication. MSPB Docket No. DE-3330-14-0427-I-1, Initial Appeal File (0427 IAF), Tabs 1, 6; MSPB Docket No. DE-3330-14-0430-I-1, Initial Appeal File (0430 IAF), Tab 1; MSPB Docket No. DE-3330-14-0452-I-1, Initial Appeal File (0452 IAF), Tab 1. The announcements were for the following positions: (1) a GS-15 Public Health Advisor position in the agency's Substance Abuse and Mental Health Services Administration (SAMHSA), Center for Mental Health Services (CMHS), Division of Service Systems Improvements (Vacancy ID 1124044) (0427); (2) a GS-13 Public Health Advisor position in the agency's SAMHSA, CMHA (Vacancy ID 1128494) (0430); and (3) a GS-12/13 Public Health Advisor position in the Region 5 Office of Family Planning, Office of the Regional Health Administrator, Office of the Assistant Secretary of Health,

Office of the Secretary  (Vacancy ID 1127068) (0452).  0427 IAF, Tab 8 at 12, 104, 131, 172.  The agency selected none of the candidates who applied for the GS-15 Public Health Advisor position under Vacancy ID 1124044; it had considered the appellant's application and determined that he was not qualified.  0427 IAF, File, Tab 8 at 7.  The agency also determined, after considering his applications, that the appellant was not qualified for the Public Health Advisor positions announced under Vacancy ID 1128494 and Vacancy ID 1127068.  0427 IAF, Tab 8 at 8, 10.  It is unclear whether the agency selected any of the candidates who applied under those vacancy announcements.

¶3        On appeal, the appellant argued that the agency "never stated their reasoning as to why [he is] not qualified."  0427, 0430, 0452 IAFs, Tab 1 at 5.  He also argued that the agency violated his veterans' preference rights by not testing fairly the applicants and by not crediting his military experience.  *Id*.  In addition, he argued that the agency "may have also utilized one or more Prohibited Personnel Practices, which are violations of 5 U.S.C. § 2302."  *Id*.  In support of his appeals, the appellant submitted copies of the DoL file closure letters and the notices he received from USAjobs stating that the agency reviewed his applications and determined that he was not eligible for the positions because he lacked the minimum required education and/or experience or specialized skills.  *Id*. at 7-8.  In response, the agency denied that it violated the appellant's veterans' preference rights and submitted declarations signed, under penalty of perjury, by the agency's subject matter experts and human resources specialists swearing that they considered the appellant's résumé and applications and found that he lacked the experience required in the vacancy announcements for the specified positions.[2]  0427 IAF, Tab 8 at 4, 61, 106, 214.

---

[2] Regarding the GS-15 Public Health Advisor position announced under Vacancy ID 1124044, the subject matter expert who reviewed the appellant's application and résumé "determined that he was not qualified for the position because his résumé did not demonstrate sufficient experience in managing, directing, and/or implementing mental health programs."  0427 IAF, Tab 8 at 61.  Regarding the GS-13 Public Health Advisor

¶4	The administrative judge issued an order finding that the sole issue for resolution was whether the agency violated 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d) by failing to credit the appellant with all valuable experience material to the Public Health Advisor positions for which he applied. 0427 IAF, Tab 6 at 1; 0430 IAF, Tab 7 at 1; 0452 IAF, Tab 4 at 1. The administrative judge determined that he had no jurisdiction under VEOA to consider the appellant's arguments that the agency committed various prohibited personnel practices and violated 5 U.S.C. § 3304 by not fairly testing the fitness of the applicants for the positions at issue. 0427 IAF, Tab 6 at 1; 0430 IAF, Tab 7 at 2; 0452 IAF, Tab 4 at 2. The administrative judge also noted that it did not appear that the appellant raised those issues before DoL and ordered the parties to state whether there were disputed facts concerning the accepted issue on appeal that would warrant a hearing. 0427 IAF, Tab 6 at 2. The parties responded and, without holding a hearing, the administrative judge found no dispute of material fact and issued an initial decision denying the appellant's request for corrective action under VEOA. 0427 IAF, Tabs 8-10, 13-15, Tab 16, Initial Decision (ID) at 2.

¶5	In reaching his decision, the administrative judge found that the record demonstrated that the agency fully considered the appellant's military and nonmilitary experiences and credited all of his valuable experience material to the Public Health Advisor positions in determining that he was unqualified. ID at 7, 9. The administrative judge found that the agency's human resources specialists explained why they determined that the appellant lacked the required experience.

position announced under Vacancy ID 1128494, the human resources specialist who reviewed the appellant's application "determined that his résumé did not demonstrate the necessary specialized experience, particularly as related to child trauma . . . . as required by the vacancy announcement." *Id*. at 106. Regarding the GS 12/13 Public Health Advisor position announced under Vacancy ID 1127068, the human resources specialist who reviewed the appellant's résumé determined that he was not qualified because "his résumé did not demonstrate experience developing policy initiatives designed to improve the organization and delivery of family planning services, training, information, and education and experience providing project oversight for Title X family planning grants." *Id*. at 214.

ID at 8. The administrative also considered the appellant's argument that his work history met the experience requirement and the administrative judge determined that he lacked the authority to reevaluate the weight the agency accorded to the appellant's experiences in determining that he was not qualified. ID at 8-9. The administrative judge rejected the appellant's claim that he was entitled to priority consideration for any of the announced vacancies. ID at 10.

¶6        The appellant filed a petition for review arguing, in pertinent part, that the administrative judge improperly denied his right to a hearing and hearings should be mandatory based on the findings stated in the Board's January 2015 study titled, "The Impact of Recruitment Strategy on Fair and Open Competition for Federal Jobs." MSPB Docket No. DE-3330-14-0427-I-1, Petition for Review (0427 PFR) File, Tab 1 at 5-6, 8, 16. The appellant reasserts the arguments he raised on appeal that the agency has a pattern and practice of circumventing veterans' legal rights, and he asks the Board to remand the appeal for a hearing so that the agency can explain its hiring decision and the administrative judge can examine the merits of the agency's actions. *Id*. at 16. He also states that he wants to question the individuals who evaluated his job applications to determine whether the agency trained them to overlook qualifying information and deliberately block veterans from federal service. *Id*. at 9-10. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 2.

¶7        Contrary to the appellant's arguments on review, the Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded these experiences in reaching its decision that the appellant was not qualified for a

given position of employment. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014). The appellant on review disputes the evaluations of the agency's human resources personnel, and he argues that his work experience exceeded the specialized experience requirements for the announced vacancies. PFR File, Tab 1 at 9-10, 13. However, he fails to identify any specific experience or work history included in his applications which the agency purportedly omitted, overlooked, or excluded in assessing whether he had the specialized experience required for the announced vacancies. *See Miller*, 121 M.S.P.R. 88, ¶ 12. As explained above, the Board is limited to assessing whether an agency considered all of the appellant's valuable experience which is material to the position for which he has applied, and this assessment does not include a review of the weight the agency gave to the appellant's prior experiences in determining that he was not qualified for the positions. *See Miller*, 121 M.S.P.R. 88, ¶ 9.

¶8        We find that the appellant had a full and fair opportunity to develop the record on the dispositive issues and to dispute the agency's evidence and, despite his arguments to the contrary, there is no genuine dispute of material fact warranting a hearing in this appeal. VEOA does not require an agency to hire a preference-eligible veteran if, as was the case here, the agency does not believe him to be qualified or possess the necessary experience. *See Abell v. Department of the Navy*, 343 F.3d 1378, 1384 (Fed. Cir. 2003). VEOA only gives the appellant the right to compete for vacant positions; the statute does not ensure that he will be successful. *See id*. at 1383. Moreover, the agency's decision to make no selection for the GS-15 Public Health Advisor position under the delegated examining announcement for Vacancy ID 1124044 did not deny the appellant his opportunity to compete for the position or otherwise violate his rights under a statute or regulation relating to veterans' preference. 0427 IAF, File, Tab 8 at 7; *see Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008). We therefore agree with the administrative judge's finding that

there is no dispute of material fact and that the appellant is not entitled to corrective relief under VEOA as a matter of law.  ID at 2, 7 & n.2, 10.

¶9        Although the appellant reasserts the claim he raised on appeal that he is entitled to priority placement in the agency's selection process, he fails to identify any evidence in the record of this appeal reflecting any such entitlement.  PFR File, Tab 1 at 12.  He also reasserts his claim that the agency committed prohibited personnel practices; however, the Board cannot obtain jurisdiction over the appellant's prohibited personnel practice claims through VEOA.  PFR File, Tab 1 at 10; *see Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 11 (2005). We have considered the remaining arguments raised by the appellant on review including, but not limited to, his analysis of "The Odyssey" by Homer and corruption within the Veterans Administration, and we find no basis for disturbing the initial decision.  PFR File, Tab 1 at 11-15, 18-19.  Because the appellant offers no new and material evidence that was unavailable before the record closed, and he has not shown that the administrative judge erroneously interpreted a statute or regulation, we deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.